In the Matter of the Application of ANDREW B. GILFILLAN for a Peremptory Order of Mandamus against the COMMISSIONERS OF ELECTION.

Supreme Court, Erie County, October 27, 1924.

Elections — ballots — application for peremptory mandamus order to compel Erie county board of election commissioners to print certain names on voting machine — Election Law, § 249 (as re-enacted by Laws of 1922, chap. 588), which requires that names of candidates nominated by political party, and also by independent body, shall appear on voting machine only in party rows, is unconstitutional — application granted.

Section 249 of the Election Law (as re-enacted by the Laws of 1922, chap. 588), which requires that whenever a candidate is nominated for a given office by one or more political parties and also by one or more independent bodies, his name shall appear on the voting machine only in the party rows or columns, and that the emblem of the independent body also nominating him shall there be printed in connection with his name, discriminates unjustly and unduly against independent voters and, therefore, is unconstitutional.

Accordingly, a peremptory order of mandamus to compel the Erie county board of election commissioners to print the petitioner's name as a candidate for the office of justice of the Supreme Court in the row of the so-called Progressive party on the voting machine at the forthcoming election should issue, where it appears that the aforesaid political party has secured and filed the required number of petitions to entitle its candidates to be voted for at said election, and that unless otherwise directed the election commissioners propose to arrange the names of candidates on the voting machine in accordance with the provisions of section 249 of the Election Law.

APPLICATION to compel Erie county board of election commissioners to print the names of certain candidates in the row of the so-called Progressive party on voting machines.

*Irving W. Cole*, for the petitioner.

*Henry W. Killeen*, for the Democratic County Committee.

*Robert C. Palmer*, for the Board of Elections.

*McIntyre & Wilkie* [*Simon Fleischmann* of counsel], for the Republican County Committee.

CROSBY, J.:

This is an application, in which William P. Brennan joins, for a peremptory writ of mandamus to compel the Erie county board of election commissioners to print the names of Gilfillan and Brennan as candidates for the office of justice of the Supreme Court, in the line of the so-called Progressive party on the voting machine at the coming election.

There is no dispute about the facts. The Progressive party has

secured and filed the required number of petitions to entitle its candidates to be voted for at said election. The candidates here petitioning have been duly nominated as the candidates of that party. The election commissioners, unless otherwise directed, propose to arrange the names of candidates on the voting machine in accordance with the provisions of section 249 of the Election Law (as re-enacted by Laws of 1922, chap. 588). That section provides, in substance, that whenever a candidate is nominated for a given office by one or more political parties, and also by one or more independent bodies, his name shall appear on the voting machine only in the party rows or columns, and that the emblem of the independent body also nominating him shall there be printed in connection with his name. The petitioners claim that this provision of section 249 is unconstitutional, relying on *Matter of Callahan* (200 N. Y. 59); *Matter of Hopper* v. *Britt* (203 id. 144); *Matter of Burke* v. *Terry* (Id. 293); *Matter of Hopper* v. *Britt* (204 id. 524).

In *Matter of Hopper* v. *Britt* (203 N. Y. 144) our Court of Appeals held to be unconstitutional a statute providing that, where a candidate was nominated for an office by two or more parties, his name could be printed only in one column. This decision and the decisions in the other cases above cited were put upon the broad ground that a voter wishing to vote for any candidate should have, so far as the law could give it to him, as easy access to the means of registering his choice as other voters had for a like purpose. The section now under consideration was so drawn as to respect the decisions above cited, so far as parties and party columns are concerned, but discriminates against independent bodies. In other respects, the law recognizes that independent bodies have as good right as political parties to organize and to nominate candidates. Independent bodies are political parties in the making. They cannot become parties until they have cast 25,000 votes for Governor. But, while in the process of becoming parties, independent bodies and the voters who adhere to them ought to have the same opportunity to register their choice that any other voter has.

In the present case, suppose a voter wished to vote generally the Progressive ticket, and to vote in particular for Gilfillan for justice. He will look through the Progressive line to the end without finding the name of its candidate for justice. The place where it ought to be is blank and locked. No provision is made by section 249 of the Election Law (as formerly) for a reference to be printed in the space advising the voter where he can find Gilfillan's name for the purpose of voting for him. The only way he can find it is to go over the face of the machine and find Gilfillan's name printed in a party

column with a miniature Progressive emblem printed near it, and all this he must do in a more or less dimly lighted voting machine, within the one minute allowed by law. The provision complained of discriminates unjustly and unduly against the independent voter, and, even though he may belong to a group that complains of the action of courts in declaring statutes unconstitutional, he is, nevertheless, entitled, under the Constitution, to the very remedy of which he claims he and others should be deprived.

The names of Gilfillan and Brennan should be printed in the Progressive row, and a peremptory writ of mandamus may enter to that end.

Application granted.