In the Matter of the Application of JOHN P. SULLIVAN, as Chairman of the Democratic County Committee of Erie County, Appellant, for a Review of the Determination and Acts of the Board of Elections of Erie County, Respondent, as to the Form and Contents of Official Ballots upon Voting Machines to Be Used in the County of Erie at the Election to Be Held November 4, 1924.

*Election Law*, § 249, *is unconstitutional only in so far as it fails to place names of regular nominees of independent political organizations in column assigned to organization.*

Appeal from an order of the Supreme Court, made at the Erie Special Term and entered in the Erie county clerk's office October 22, 1924, directing William J. Beyer and James T. Geddes, as and constituting the board of elections of Erie county, to provide the Progressive party with a separate line upon voting machines, and to place in such line the names of the candidates nominated by said Progressive party.

Order affirmed, without costs, upon the opinion of Crosby, J., delivered at the Special Term. All concur, except Davis, J., who dissents upon the authority of *Matter of Taylor* v. *Board of Elections* (123 Misc. 817). Present — Hubbs, P. J., Clark, Davis, Sears and Crouch, JJ.

The following is the opinion of the Special Term:

CROSBY, J.: At the time that this motion was brought on for argument, another motion was also heard in which it was sought to secure an order declaring section 249 of the Election Law* to be unconstitutional in part and directing the board of elections to print the names of Andrew B. Gilfillan and William P. Brennan, candidates for the office of Justice of the Supreme Court, in the so-called LaFollette column, as well as in the column of the Democratic party, of which party they were the regular nominees. An order has been entered herein, directing the relief demanded by said Gilfillan and Brennan. [See *Matter of Gilfillan* v. *Commissioners of Election*, 124 Misc. 628.] The parties interested in the above-entitled proceeding are now desirous of a ruling so worded as to indicate what

---

* See Election Law of 1922, § 249, as amd. by Laws of 1924, chap. 443.— [REP.

the decision of the court upon the claim of counsel for the Democratic county committee is as to the constitutionality of the whole of section 249. Mr. Killeen, counsel for the Democratic county committee, argued upon the motion herein that the whole of section 249 was unconstitutional, and that the court ought to make an order providing that the ballots upon the voting machines should be arranged in conformity to the paper ballots provided for by the Election Law* and used where voting machines are not used. I declined to find that the whole of section 249 was unconstitutional, but the order made in the proceeding which was brought on for argument in company with this proceeding did not disclose my decision in that regard, and the order now made in this proceeding is made for the purpose of deciding that section 249 is not unconstitutional as a whole, but only unconstitutional in that it fails to place the regular nominees of the independent body, known as the Progressive party, in the column which has been assigned to that independent body. An order may now enter, in appropriate form, to indicate my decision that the whole of section 249 is not unconstitutional.