In the Matter of STEPHEN CALLAGHAN, Respondent, against JOHN R. VOORHIS et al., Constituting the Board of Elections of the City of New York, Appellants.

(Argued October 18, 1929; decided October 22, 1929.)

*Arthur J. W. Hilly*, Corporation Counsel (*Joseph P. Reilly* of counsel), for appellant. The order appealed from violates the provisions of the Election Law. (*Matter of Haskell* v. *Voorhis*, 246 N. Y. 256; *Biddle* v. *Enright*, 239 N. Y. 354; *Matter of Gaylord* v. *Board of Elections of*

*Rensselaer Co.,* 123 Misc. Rep. 817; *Matter of Hopper* v. *Britt,* 203 N. Y. 144.)

*Albert Conway* and *Edward McLoughlin* for Democratic County Committee of Kings County, intervening.

*Meier Steinbrink, George Z. Medalie, William B. Herlands* and *Harold M. Kennedy* for respondent. To the extent that section 249 of the Election Law provides for the name of a candidate appearing only in the line or column of a party, where he has also been nominated by an independent body, it is unconstitutional. *(Matter of Robinton,* 128 Misc. Rep. 163; *Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Callahan,* 200 N. Y. 59.)

CRANE, J. We held in *Matter of Haskell* v. *Voorhis* (246 N. Y. 256), that where a nominee of the Republican party for County Court Judge was also the *sole* nominee of an independent body, designated the Anti-Dry League, he was not entitled to have his name appear upon a separate line provided for that independent body; that section 249 of the Election Law [Cons. Laws, ch. 17], was not unconstitutional in its application to such an instance. There was nothing unfair, prejudicial or unreasonable in having the name and emblem of the Anti-Dry League appear in connection with the candidate's name on the Republican party line. The voter who desired to vote for Mr. Haskell could do so in one place upon the machine as well as another, as in voting the Anti-Dry League ticket, he could *and* would vote solely for County Judge.

We specifically reserved the question of the effect of other nominations made by an independent body, when the line provided for that body would then have a fairly full and complete ticket for the offices to be filled at the election.

Section 249 reads: " When a person has been nominated for an office by one political party and has also been nominated for that office by one or more independent

bodies, his name shall appear only in the row or column containing generally the names of candidates for other offices nominated by such party, and the name and emblem of such party and of each of such independent bodies shall appear in connection with his name."

A political party is one which polled twenty-five thousand (25,000) votes for Governor at the preceding election.

This appeal presents to us this reserved question. Mr. Justice Callaghan has been nominated for the Supreme Court in the Second Judicial District by the Republican party. He has also been nominated by an independent body, known as the Square Deal party, which has nominated a full and complete ticket for nearly all, if not all, the offices to be filled at the coming election in the counties embraced within the city of New York. This includes nominees for the respective offices of Mayor, Comptroller, President of the Board of Aldermen throughout these counties and for Surrogates, Sheriffs, District Attorney and City Court Judges and others in the appropriate counties. So far as we can tell from the record, it appears that these nominees are nearly all, if not all, independent nominees in that their names do not and will not appear as candidates of the party organizations recognized as such under the Election Law; to be specific, the Democratic and Republican parties.

The Square Deal party, by appropriate petitions, has nominated or indorsed Mr. Justice Callaghan for the Supreme Court and on the line which will be assigned to this independent body or organization, the Board of Elections has signified its intention of leaving a blank, stating that this is the requirement of section 249 of the Election Law, which the Board must follow until ordered otherwise. The voter, therefore, who intends to vote the Square Deal ticket, and for the nominees of that body, will find on this line which will be assigned to this party irrespective of Callaghan's nomination, a full list of

names for the respective offices. When he comes to the Justice of the Supreme Court, however, there will be a blank.

The point of the unfairness or prejudice to the voter in such a case lies in the fact that if there be a rather full and complete ticket of independent nominees by an independent body and a separate line is assigned for these candidates, the voter is very apt to be deceived, misled or confused in voting along the line by finding a blank for a particular office, the name of the nominee for that office having been placed on another party line or column. He might be led to think that the independent body, whose ticket he was voting had failed to make a nomination for that office or become confused in looking for the name. Such is the reasoning in *Matter of Hopper* v. *Britt* (203 N. Y. 144; 204 N. Y. 524); *Matter of Gilfillan* v. *Beyer* (124 Misc. Rep. 628; 212 App. Div. 855; 240 N. Y. 579).

The application in this case is to compel the Board of Elections to place Mr. Justice Callaghan's name on the line with the other nominees of the Square Deal party. The Special Term, in granting the application, acted within the spirit of the previous rulings of this court, based upon article I, section 1, of the State Constitution, which provides: "No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers." As already intimated, a voter, voting the ticket of the Square Deal party, is unduly and unreasonably obstructed, hampered and prejudiced in contrast with other voters voting other tickets, when it comes to the office of Justice of the Supreme Court.

The whole purpose of the Election Law and of the Constitution under which it is enacted, is that, within reasonable bounds and regulations, all voters shall, so far

as the law provides, have equal, easy and unrestricted opportunities to declare their choice for each office. Section 249 of the Election Law is constitutional except in those instances when to apply it would be unfair and prejudicial to a particular class of voters. Many inequalities of course exist by nature and perhaps by education in the electorate, but before the law, all, so far as possible, must be considered equal. The clever man has no difficulty in knowing just what to do. The law, however, recognizes that many voters unfamiliar with the machinery of politics become perplexed and confused by the size of the ballot and the number of offices to be voted for in our modern elections. Regulations and restrictions are necessary as we have found from experience to insure honest elections; but they become unconstitutional when they unnecessarily and unfairly restrict or prejudice one class of voters and not others.

The petitioner has asked to be placed upon the ticket and line of the Square Deal party. His application is granted, but the Special Term order granting it is entirely too broad. It includes not only the ticket of the Square Deal party but each independent body which may designate him for the office, unless that body nominates no other candidate. This part of the order we eliminate and restrict it solely to the Square Deal party.

The answering affidavit of Mr. Voorhis, President of the Board of Elections, states that Stephen Callaghan has been nominated by the Republican, Independent and Square Deal parties. The nominating petitions of the Independent body, or organization, if it be one, are not before us. They are not in the record. We are, therefore, restricted to the facts as they appear, and confine our ruling to the ticket of the Square Deal party in accordance with the above reasoning.

The order should be modified by providing that the name of the petitioner shall appear in the row or column of the Square Deal party as well as in the row or column

assigned to the Republican party and by striking out the provisions for any other changes in the voting machines to be used at the general election, November 5, 1929, and as thus modified affirmed, without costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.