In the Matter of JAMES C. CRANE, Appellant, against
JOHN R. VOORHIS et al., Constituting the Board of
Elections of the City of New York, Respondents.

(Argued October 22, 1931; decided October 23, 1931.)

*James E. Finegan, Carl D. Isaacs* and *Frederick W. Clifford* for appellant.   If section 249 of the Election Law, as amended, is construed to provide that the name of the petitioner is to appear only in the row reserved to the Republican party, it is unconstitutional. (*Matter of Robinton,* 128 Misc. Rep. 163; *Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Gilfillan* v. *Beyer,* 240 N. Y. 574; *Matter of Sullivan* v. *Beyer,* 240 N. Y. 579; *Matter of Haskell* v. *Voorhis,* 246 N. Y. 257; *People* v. *Griswold,* 213 N. Y. 97.)

*Arthur J. W. Hilly, Corporation Counsel* (*William E. C. Mayer* of counsel), for respondents.   Section 249 of the Election Law, as amended by chapter 270 of the Laws of 1931, is a valid and constitutional legislative enactment, and has been properly construed by the respondents in placing the petitioner's name only in the row or column containing generally the names of candidates for other offices nominated by the Republican party. (*Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Haskell* v. *Voorhis,* 246 N. Y. 256; *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281; *People ex rel. American Exchange Nat. Bank* v. *Purdy,* 196 N. Y. 270; *Schieffelin* v. *Goldsmith,* 253 N. Y. 243; *Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377.)

CRANE, J.   The Board of Elections has prepared a ballot for use in the voting machines for the county of Richmond in the coming election, which carries a full line of nominees for the Democratic and Republican parties; almost a complete line for the Socialist party and

a separate line or horizontal row for the Independent party designated by the emblem of a "Bell" and the words "Independent Judiciary." The candidates of this Independent Judiciary body were nominated by petition for the office of Surrogate, Justice of the City Court and District Attorney. No nominations were made by this party for the other offices to be filled.

The name Frank S. Gannon, Jr., appears in this Independent row or line as nominee for Surrogate and Carl D. Isaacs as nominee for Justice of the City Court. The space for the District Attorney in this row or line is left blank. One James C. Crane was nominated by this Independent Judiciary body for District Attorney but his name does not appear in the place where a voter would naturally look for it, in the row of the Independent Judiciary nominations, but it does appear in the line or row of the Republican nominees with the two emblems, the "Eagle," the emblem of the Republican party, and the "Bell," the emblem of the Independent Judiciary nominees. Although Crane has received the nomination of the Republican party and has also been nominated by petition by the Independent Judiciary nominators, his name appears but once upon the ballot, and that in the Republican line or row with these two emblems, the Eagle and the Bell. The reason why his name does not appear in the line with the other nominees of the Independent Judiciary nominators is that the Election Law (Cons. Laws, ch. 17), section 249, as amended by chapter 270 of the Laws of 1931, enacted as follows: "When a person has been nominated for an office by one political party and has also been nominated for that office by one or more independent bodies, unless said independent body or bodies shall have nominated candidates for more than fifty per cent of the offices to be filled, his name shall appear only in the row or column containing generally the names of candidates for other offices nominated by such party, and the name and emblem of such party

and of each of such independent bodies shall appear in connection with his name."

The petitioner Crane attacks this law as unconstitutional on the ground that it is unreasonable and unfair to the voter, and an arbitrary direction by the Legislature for the formation of the ballot.

We held in *Matter of Callaghan* v. *Voorhis* (252 N. Y. 14) that where an independent body had made nominations for some of the offices to be filled at the coming election and there was a line provided for these nominations that the name of Mr. Justice Callaghan, who had been nominated for the Supreme Court by that body, should appear in its line as well as in that of the Republican party which had also nominated him. In that opinion we did refer to the fact that this body of independent nominators had made up a fairly full and complete ticket. This, however, was an incident and not a rule for the case. What would constitute a sufficient number of nominations to require an independent line or row, and how many nominations should appear in that row to entitle all the nominees of that party or of those nominators to a place in the line, we did not undertake to state. We simply stated the facts as they were.

The underlying principle regarding the franchise and the inviolable rights of an elector under the State Constitution was stated in these words: " The whole purpose of the Election Law and of the Constitution under which it is enacted, is that, within reasonable bounds and regulations, all voters shall, so far as the law provides, have equal, easy and unrestricted opportunities to declare their choice for each office. Section 249 of the Election Law is constitutional except in those instances when to apply it would be unfair and prejudicial to a particular class of voters."

What would be unreasonable and unfair to the voter is a question of fact depending upon the circumstances of each case. It is a judicial question and not a matter

for arbitrary legislation. Shall we say, for instance, that an independent party which shall make nominations for forty or forty-five per cent of the offices to be filled, shall be deprived of a nominee for one of these offices because another party has also nominated him, whereas if it had made nominations for fifty-one per cent of the offices, the name of that candidate would be placed in the row of the independent party nominations as well as in another party line or row? Such an arbitrary selection by the Legislature for the formation of a ballot is to declare beforehand what is or is not fair and reasonable whereas it may appear in the particular instance to be very unfair and very unreasonable.

An independent party or independent nominators might select a Governor, a Lieutenant-Governor, an Attorney-General and a Comptroller; in other words, State officers, and omit the local officers to be elected in a particular county or district, with the exception possibly of a District Attorney or County Court Judge. Because these offices for which nominations have thus been made did not constitute fifty per cent of all the State and numerous county offices appearing upon the ticket, would it be fair to eliminate the District Attorney or County Court Judge from the line of the independent nominators?

We had this question presented to us in *Matter of Lynn* v. *Nichols* (254 N. Y. 630). Lynn had been nominated by the Democratic party for the office of Justice of the Supreme Court in the Seventh Judicial District of the State. An independent body, which had adopted the name " Law Preservation," also nominated him for that office. At the election fourteen separate and distinct offices were to be voted for, running from the Governor down to the County Commissioner of Public Welfare and County Purchasing Agent. The Democratic party had nominated candidates for all these offices. The Law Preservation group made nominations for only two of the offices, besides that of Lynn for Justice of the Supreme

Court, to wit, the Governor and the Attorney-General. Section 249 of the Election Law, as it read at that time, provided that when a person had been nominated for an office by one political party and had also been nominated for that office by one or more independent bodies, his name should appear only in the row or column containing generally the names of candidates of such party with the emblem of the independent body appearing in connection with his name. We held this provision of the law unreasonable, and, therefore, unconstitutional, and affirmed the decision requiring Lynn's name to be placed in the row or line assigned to the Law Preservation party. We think that case is controlling upon the facts here presented.

The Independent Judiciary nominators, as before stated, do have a horizontal line in which appear the names of Frank S. Gannon, Jr., for Surrogate, and Carl D. Isaacs for Justice of the City Court, and the next space to the right of Isaacs is left blank, wherein should appear the name of James C. Crane, the candidate for District Attorney, also nominated by this independent body or group. The name does not appear there. It is two horizontal lines above, in the Republican line with the emblem of the Bell as well as the Eagle before it. A voter desiring to vote for the candidates of the Independent Judiciary body and for only the candidates of that body, would be very apt to believe that no nomination had been made for District Attorney. In the short space of time usually taken for pulling the levers of the machine, he might not notice or have his attention called to the fact that Crane's name appeared as the candidate of that body, not upon the line where it naturally belonged, but two lines above, as the candidate of another party.

The Election Law is aimed to afford facility for ready voting as well as to guard against illegal and dishonest practices. All voters within reasonable regulation must

have the same opportunity or else they are disenfranchised within the spirit and meaning of the Constitution. Provided all have an equal start and fair opportunity to make their independent choice, irrespective of what that choice may be, we must abide under our form of government by the result of the election. The choice, however, of our representatives who rule us must at least, so far as the law itself can make it, be free, open and unrestricted to all. Regulations and restrictions there must be, but these must apply to all alike and not create conditions which make it easy for one but difficult and confusing for another.

This was also the ruling of this court in *Matter of Gilfillan* v. *Beyer* (240 N. Y. 579) where we held in effect by our affirmance that there must be no unnecessary discrimination between the independent and the party voter in respect of the facilities offered to him for a prompt and intelligent and ready expression of his choice.

We find no sufficient reason for not placing Crane's name as a candidate for District Attorney in the horizontal line of the Independent Judiciary nominators together with the other candidates of that body, and do see the apparent unfairness in not doing so.

Coming in conflict with the meaning and intendment of our previous decisions, chapter 270 of the Laws of 1931 is unconstitutional, and the holding of this court in *Matter of Lynn* v. *Nichols*, above cited, is to be followed.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs to either party.

CARDOZO, Ch. J., POUND and KELLOGG, JJ., concur; LEHMAN, O'BRIEN and HUBBS, JJ., dissent on the ground that this statute is a reasonable exercise of the legislative power.

Ordered accordingly.