In the Matter of the Application of F. H. LA GUARDIA, LANGDON W. POST, IRVING BEN COOPER, JACOB GOULD SCHURMAN, JR., and MAURICE P. DAVIDSON, Individually and as Chairman of the City Fusion Party, Petitioners, and JOSEPH V. MCKEE and GEORGE V. MCLAUGHLIN, as Chairman of the Recovery Party, Intervenors, for a Mandamus Order against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York.

Supreme Court, New York County, October 10, 1933.

*Charles C. Burlingham* [*George Trosk* of counsel], for the petitioners.

*Leonard J. Obermeier,* for the Republican county committee.

*Walter M. Weis,* for the central committee of the City Fusion party.

*Albert S. Bard,* for the Citizens Union.

*Morris L. Ernst*, for The City Club of New York, *amicus curiæ.*

*Harold R. Medina*, for the intervenors.

*John T. Dooling*, for the regular Democratic organization of the city of New York, in opposition.

*Arthur J. W. Hilly, Corporation Counsel [Russell Lord Tarbox* of counsel], for the board of elections, in opposition.

CoTILLO, J. The petitioners seek a peremptory mandamus directed to the board of elections to compel that board to prepare, in the manner sought in the petition, the ballots on the voting machines to be used in the city of New York at the election of November 7, 1933. The petition is on behalf of the City Fusion party, which has qualified for a position on the ballot by petition and which belongs to the group of independent bodies in contradistinction to a " party " or political organization, as defined by law. The grievance of the petitioners is, *first*, that the board of elections has refused to print the names of the candidates of the City Fusion party in a separate row, and, *second*, that it has refused to print the name and emblem of that party at the left of the row, while according that privilege to the regular parties.

Subsequent to the argument, representatives of the Recovery party, another independent body, sought leave to intervene, asking for relief similar to that of the City Fusion party. The motion for intervention is granted, and the disposition herein made will apply to both groups of petitioners.

A clear understanding of the grievances alleged requires a further description of the face of the voting machines as prescribed by the letter of the statute (Election Law, § 249). An illustrative guide for the proper set-up of the printing on the face of the voting machines of the horizontal type — the type used in the city — shows the following arrangement: Titles of the offices to be voted for are arranged horizontally, with the names of the candidates for each office arranged vertically under the title of the office. The candidates of a given party occupy a row. Above the name of each candidate are stated the name and the emblem of his party. After the rows occupied by the regular parties in the order of their numerical strength at the last preceding State election, there follow rows for candidates of independent bodies.

Frequently the same candidate may be nominated by two or more parties. In that event the law provides that the name of such candidate shall appear in each row containing generally the names of candidates for other offices nominated by each of such parties. If, however, an independent party also nominates a candidate designated by one of the regular parties, the name of such

candidate shall appear only in a row belonging to a regular party, and the information that the candidate is indorsed by the independent body is to be indicated by adding to the emblem and name of the party nominating him the emblem and name of the independent body. The City Fusion party has nominated candidates for office substantially identical with those of the Republican party. Under the language of the statute its candidates could, therefore, not be in a separate row, but would have to be satisfied with the " City Fusion " name and the four-leaf clover emblem appended in the Republican row of names. In like manner the candidates of the intervening petitioners would have to be satisfied with the mere appearance of the name " Recovery party " and the emblem of a key as appendages in a regular party row. This discrimination against independent voting was seen by the courts to be so unjust and so contrary to the spirit of the provisions of article 1, section 1, of the Constitution that it was held to be unconstitutional. (*Matter of Gilfillan* v. *Beyer*, 124 Misc. 628; affd., 212 App. Div. 855; affd., 240 N. Y. 579.) Respondents themselves concede the right of the City Fusion party to a separate row on the ballot, and the only reason why the court has made some extended reference to this phase of the case is that the board of elections, by a tie vote on a resolution to place these names in a separate row, has technically denied this right.

The second branch of the application is much more seriously contested. It involves the construction of subdivisions 2 and 3 of section 249. Subdivision 2 reads as follows: " Where the construction of any voting machine of the horizontal type, which is to be used in any general election, permits of so doing, the board of elections shall provide a card or printed slip to be placed in the card holder at the left of the face of the machine. Said card or printed slip shall have printed upon it in black ink for each party or independent row containing the names of candidates, the image of a closed fist with index finger extended pointing to the party or independent row. Inset within the image of the fist on a white space, in black letters as large as the space will permit, shall be printed the name of the party and at the right of the fist and below the index finger shall be printed in black ink the party emblem and the designating letter of the party row."

Read apart from the graphic illustration in subdivision 3, the section means that if a voting machine of the horizontal type contains room at the left of the ballot, a card shall be provided for each party or independent row containing the image of a fist with extended index finger pointing to the party or independent row. Inset in white within the image of the fist there shall be printed

" the name of the party " and below the index finger " the party emblem and the designating letter of the party row."

Respondents argue that the white inset may contain only the name of a regular party as the term is defined in subdivision 5 of section 2 of the Election Law. Furthermore, they contend that the party emblem to be printed below the index letter is to be available only to such regular parties. To strengthen their argument they point to the graphic illustration in subdivision 3, which shows a sample ballot containing a column of " closed fists " with the names " Democratic," " Republican," " Socialist," " Independent." The first three are presumably regular party designations in the statutory sense. They have the party emblems under the index finger, and the letters A, B, C, respectively. The fourth shows neither a party emblem nor a designating letter. Respondents, therefore, urge that the City Fusion party is entitled only to a closed fist with the mere legend " Independent " and without any emblem. Petitioners emphasize that the illustration given in subdivision 3 is only an illustrative guide, and a slavish following of it would lead to utter absurdity. They further show that — if respondents are correct — where a number of independent bodies each become entitled to separate rows, the legend " Independent," repeated at each such row without distinction, introduces confusion and puts the voter who desires to vote for a particular independent ticket at a disadvantage as compared with one who selects a regular party row. The latter voter has the name, the emblem and the designating letter; the former has no such guides. That the law intended thus to discriminate against independent voters is, in my opinion, a matter of grave doubt. But if it did in that respect, the discrimination would be unconstitutional. The same principle which prompted the decision to give the petitioners a separate row on the ballot, notwithstanding the apparent language of the statute to the contrary, impels me to decide in favor of the petitioners' contention on the second point. The principle is aptly summarized in *Matter of Crane* v. *Voorhis* (257 N. Y. 298, 303) as follows: " The Election Law is aimed to afford facility for ready voting as well as to guard against illegal and dishonest practices. All voters within reasonable regulation must have the same opportunity or else they are disenfranchised within the spirit and meaning of the Constitution [Const. art. 1, sec. 1]. Provided all have an equal start and fair opportunity to make their independent choice, irrespective of what that choice may be, we must abide under our form of government by the result of the election. The choice, however, of our representatives who rule us must at least, so far

as the law itself can make it, be free, open, and unrestricted to all. Regulations and restrictions there must be, but these must apply to all alike and not create conditions which make it easy for one but difficult and confusing for another.

" This was also the ruling of this court in *Matter of Gilfillan* v. *Beyer* (240 N. Y. 579), where we held in effect by our affirmance that there must be no unnecessary discrimination between the independent and the party voter in respect of the facilities offered to him for a prompt and intelligent and ready expression of his choice."

It is the spirit of a free electoral system that there shall be no disfranchisement of duly qualified voters. Constitutional principles as well as the American spirit of fair play dictate that the same consideration should be accorded to voters who desire to support the independent ticket as to voters of regular party tickets; that one voter shall have the opportunity to distinguish labels and emblems on terms of absolute parity, so far as physically possible, with every other man who seeks to cast his ballot.

The absence of the names of the independent parties on the white spaces of the closed fist, and the absence of their emblems and designating letters under the index finger, will undoubtedly work to the advantage of the regular parties as against the independents. It is idle for respondents to say that regular parties have had certain special favors conferred upon them at the hands of the law. Those privileges will not permit " unnecessary discrimination between the independent and the party voter in respect of the facilities offered to him for a prompt and intelligent and ready expression of his choice." (*Matter of Crane* v. *Voorhis, supra.*) Nor is it necessary to nullify the statute in order to rule in favor of the petitioners. There is no reason to suppose that the law intended to give designating letters to the regular parties for easy identification of the row and none for the independent parties. The pictorial sample shows letters A, B, C for the three regular parties, and none for the " Independent " row. Is this a mandate to omit such a designation in the case of the independents? Clearly not. The letter was omitted, because a letter D placed under the index finger might have indicated that this letter was bound up with the designation of the Independent row. The law liberally construed permits the placing of the names, the emblems, and the designating letters in their order of sequence both as regards independent parties as well as regular parties; and the word " party " as used in subdivision 2 must be construed in its broad sense to avoid an interpretation which is unfair as well as unconstitutional. The following illustration confirms this in my mind: Suppose, for example, a well-known party, such as the Socialist,

fails at an election to obtain the 25,000 necessary votes to qualify it for a position on the ballot, and it is compelled to nominate by petition. Does it thereby cease to have the status of a party in the ordinary sense of the word? And must it then bear the anonymous legend " Independent " on the closed fist in confusion with nominations of other independent parties whose principles may be in utter variance with those of the Socialists? The questions answer themselves.

Respondents point to the fact that the column of closed fists is an optional device. Even if this be true, when it is employed it must be used without discrimination against independent bodies.

The motions are granted in all respects. Settle order forthwith.