■ In the Matter of SAL F. CANNIZZARO et al., Respondents, against FREDERICK TUBMAN, as Village Clerk of the Village of Pleasantville, et al., Appellants.— Order insofar as appealed from affirmed, without costs. We see no reason why we should disturb the learned Special Term's finding "that the members of the Village Party and the Citizens Party will be reluctant to vote for their candidates if they [such members] must do so in a row which serves for both independent bodies and will not distinguish a vote cast as one for the candidate of one body or the other." In view of that finding the order appealed from was properly made. (Cf. *Matter of Crane* v. *Voorhis*, 257 N. Y. 298, 301; *Matter of Aurelio* [*Cohen*], 291 N. Y. 176.) Nolan, P. J., Beldock and Pette, JJ., concur; Ughetta and Christ, JJ., dissent and vote to reverse the order, with the following memorandum: In our opinion, the majority's determination is contrary to the express provisions of the statute (Election Law, § 248, subd. 1). So far as pertinent, this section reads as follows: "If any person shall be nominated for any office only by one or more independent bodies, his name shall appear *but once* upon the machine in the place designated by the officer charged with the duty of providing ballots, and in connection with his name there shall appear the name and emblem of each independent body nominating him" (emphasis added). The Special Term made no finding that in the absence of the two lines the voters would be hampered or impeded in their "easy and unrestricted opportunities to declare their choice", as provided in the State Constitution (cf. *Matter of Crane* v. *Voorhis*, 257 N. Y. 298, 301). Nor did it make a finding that the members of the two independent

bodies (the Village party and the Citizens party) "will be reluctant to vote for their candidates" if such members must vote for the two candidates named on the one line. The Special Term in its opinion stated merely "that *there is some evidence* before the court" to that effect (emphasis added). It is our opinion that, particularly in a village of this size and population, where the issues and the candidates are usually well known, one line will be just as effective in permitting the voters to exercise their free choice, and that, under the circumstances, the plain mandate of the statute (Election Law, § 248) should be followed. It should also be noted that the effect of the majority's decision will be to place an undue, and at times insuperable, difficulty upon the Board of Elections of every municipality, and to complicate unduly the elective process. The board in each case will now be required to make virtually a judicial determination as to whether a single line or multiple lines are necessary. In the nature of things such interpretations could hardly be expected to be consistent or uniform. The result will be that during each election there will be confusion and uncertainty with respect to a matter in which simplicity and certainty are virtually prescribed by the statute (Election Law, § 248).