Chief Judge Desmond.
I vote to reverse the order appealed from and to reinstate the Special Term order. I do so under the compulsion of section 248 of the Election Law which in language too clear for misreading denies an additional “ independent ” column on the ballot to a candidate who already appears thereon as the candidate of two major parties. This old statute expresses a continuing legislative policy of preventing the major party candidates from pre-empting the whole ballot through the device of setting up independent political bodies.
No one doubts the constitutionality of section 248. True, in some particular situations the courts held that it could not constitutionally be enforced since in those instances application ‘ ‘ would be unfair and prejudicial to a particular class of voters ’ ’ (Matter of Callaghan v. Voorhis, 252 N. Y. 14, 18; Matter of Crane v. Voorhis, 257 N. Y. 298). “Unfair and prejudicial” must mean something beyond detriment or inconvenience since the Legislature itself has said that fairness calls for the prohibition of a third column. The kind of unfairness and prejudice which would make the section unconstitutional as to a particular group must be of such character as to deprive that group of proper representation on the voting machine or otherwise make it practically impossible for the members of that group to vote as such. No such unfairness or prejudice appears here, especially when we take into account all the circumstances of the case as we are commanded to do by the precedents (see 257 N. Y., p. 301). I do not see how it could be considered constitutionally unfair to the Lindsay candidates to deny them a third line when to do so would not only leave several other independent political bodies off by themselves and huddled together on one line of the machine, but would result also in putting the proposed important constitutional amendments and questions in an inaccessible place at the bottom corner of the machine. Under the Special Term order there can be no unconstitutional unfairness since the candidate who is demanding a third line will still have two lines and the other two major candidates will have two lines and one line respectively.
*202 What “ unfairness ” there is here results from administrative delay in deciding on the makeup of the machine with the further result that this litigation, affecting thousands of voting machines, comes to us only four days before election.
I concur fully with Judge Burke’s opinion.