Carrollton A. Roberts, J.
This is an application by defendants for an order granting summary judgment against plaintiffs. Plaintiffs oppose the motion and argue that summary judgment should not be granted. Although the answer and complaint left certain factual issues unresolved, the stipulation of Thomas Ryan, Jr., for himself and on behalf of the remaining defendants (actual defendants rather than nominal defendants at the time of the argument of this motion), eliminates factual issues and leaves only questions of law for decision by this court. The single question for decision on this motion is whether the amendment to section 5-5 of the Charter of the City of Rochester, adopted by the outgoing City Council on December 23, 1969, is a valid exercise of local legislative power. The amendment provides:
“ Organization Meeting. The Councilmen shall meet at noon on the first business day in each January following a general municipal election, and organize as the Council of the City of Rochester. At each such meeting, the Council shall elect a *232 Mayor, Vice Mayor, a City Clerk and a messenger. If there shall have been filed with the City Clerk prior to the commencement of the meeting a petition verified by three (3) Conncilmen alleging that any person who holds or is entitled to hold a certificate of election and who claims to be a duly elected and qualified Councilman, does not meet the qualifications for office required by this Charter, or any other law or statute, then, in that event, the Mayor shall, as a first order of business and prior to the organization of the Council, set a hearing date on the 7th day after the organization meeting at 2:00 o’clock in the afternoon - thereof in the Council Chambers to consider the challenge.
“ Upon the timely filing of any such petition, the person challenged may not take his seat, vote or otherwise assume the office of Councilman until the challenge shall have been heard and the qualifications of said person determined.
“ Within seventy-two (72) hours of the conclusion of any such hearing, the Council shall meet at the call of the Mayor and judge the election and qualification of any such person whose seating has been challenged. The decision of the Council shall be made by majority vote of the entire Council, with the challenged person not entitled to vote.
“If the person challenged fails to receive a majority vote of the entire Council in support of his qualifications, he shall be unable to serve or in any way act as Councilman and the office which otherwise would have been filled by him shall be deemed vacant as of December 31 of the preceding year. If he shall be found to be qualified by a majority vote of the entire Council, he shall immediately assume his office.
“ Section 2. This local law shall take effect immediately.”
This court agrees with the analysis of Justice Heyby in his decision filed on or about the 30th day of December, 1969, wherein he concluded, in considering an application for preliminary injunction, that the local law was clearly invalid. (Cf. George W. Collins, Inc. v. Olsker-McLain Inds., 22 A D 2d 485; Stackell v. Guttman, 22 A D 2d 669, affd. 16 N Y 2d 913.)
Thus, section 23 of the Municipal Home Rule Law provides in paragraphs e and f of subdivision 2 that, except as otherwise provided by or under authority of a State statute, a local law shall be subject to mandatory referendum if it abolishes an elective office, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office, or abolishes, transfers, or curtails any power of an elective officer.
There is no question at this point in the litigation that Michael W. Roche has been certified as a Councilman by the Board of *233 Elections, that the City Clerk has accepted his constitutional oath of office, and that Mr. Roche now sits regularly as a Councilman at meetings of that body.
It appears to this court that the local law, in the language of section 23 of the Municipal Home Rule Law, not only changes the method of removing an elective officer (contrary to section 5-7 of the City Charter, which provides for majority action by the incoming Council on the qualifications of its members)[1] but also amounts to an obvious curtailment of the power of Mr. Roche as an elective officer. As such, the local law cannot stand and is clearly invalid. (See, for example, Doherty v. Sanvidge, 58 Misc 2d 347; Neils v. City of Yonkers, 38 Misc 2d 691; and 1964 Op. Atty. Gen. [Inf. Opns.] 163.)
As Mr. Justice Heeky stated, “ to hold otherwise would have an effect of minority removal of an elective officer, changing his term of office and abolishing and curtailing his power as such.”
This court would also cite section 1 of article II of the New York State Constitution, which provides that every citizen shall be entitled to vote at every election for all officers elected by the people. The import of this section is that the citizenry in general must be accorded the widest possible participation in the elective process. Here, it is undisputed that Mr. Roche was elected by a majority of the voting public (based upon the Councilman-at-Large rules); simply stated, to now permit the local law to stand would be to remove the elective prerogative from the majority, contrary to the cited constitutional provision. Likewise, the mandate of section 1 of article I of the New York State Constitution that no member of the State shall be disenfranchised or deprived of any rights or liberties secured to any citizen thereof unless by due process of law must, if the provision is to be given any real meaning, prohibit the enactment of a local law such as that here in question — a law which neces *234 sarily will disenfranchise the electorate in general and the plaintiffs Freeman in particular. Similarly, to permit the local law to stand would also violate subdivision (a) of section 1 of article IX of the New York State Constitution which requires every local government to have an elective body determined by the people. Again, it must be emphasized that what we are protecting here is the right of the electorate to voice its approval or disapproval of candidates for elective office; the local law would substitute government by what in effect is a lame duck council-manic oligarchy. This, the statutes and Constitution of this State prohibit. (See, for example, Matter of Hopper v. Britt, 203 N. Y. 144; Matter of Callaghan v. Voorhis, 252 N. Y. 14; Matter of Goldstein v. Rockefeller, 45 Misc 2d 778; Matter of Hoffman, 187 Misc. 799; 1916 Opns. Atty. G-en. 255; People ex rel. Devery v. Coler, 173 N. Y. 103; Rathbone v. Wirth, 150 N. Y. 459.)
Accordingly, it is the decision of this court that the local law in question is void and inoperative for the reasons above stated; also the preliminary injunction granted by Mr. Justice Henry is hereby made permanent and the defendants are enjoined from taking any action pursuant to the local law or from acting in any way to prevent Mr. Roche from discharging his duties as a Councilman of the City of Rochester, unless or until it is determined in a manner provided by law that he is not qualified or otherwise not entitled to hold the office of Councilman.

. § 5-7. Rules of proceedings; quorum; compelling attendance of members. The Council may determine the rules of its own proceedings and is the judge of the election and qualification of its members. Its meetings are public and its records open to public inspection, and a majority of all its members constitute a quorum to do business. It may compel the attendance of absent members at any meeting properly called, and may punish or expel a member for disorderly conduct, for a violation of its rules, or for official misconduct, or declare his seat vacant by reason of absence continuing for the space of at least two months; but no member may be expelled and no vacancy be declared on account of absence, except by the vote of three-fourths of all the members of the Council, after the delinquent member has had an opportunity to be heard. All appointments and designations by the council are determined upon a vote taken by roll call of its members and an entry upon the journal of the choice of each member or of the ayes and nays, if any. (L. 1907, eh. 755, § 84, as amd. by Local Laws of 1956, No. 5.)