In the Matter of MALCOLM E. SMITH, JR., et al., Appellants, v. EVERETT F. McNAB et al., Constituting the Board of Elections of the County

of Suffolk, and WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, Respondents.—

Rabin, Acting P. J., Hopkins, Martuscello and Latham, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant the application, with the following memorandum: In my opinion, *Matter of Battista* v. *Power* (16 N Y 2d 198) is distinguishable and should not control our disposition of the instant case. In *Battista*, a group of candidates already occupying two party lines on the ballot sought a third, independent line as a group, contrary to section 248 of the Election Law. I do not construe section 248 to require the exclusion from an independent party line of such candidates nominated by the independent party who also have the nominations of two other parties. Under the circumstances of this case, to exclude such candidates from the independent party line is discriminatory and unconstitutional, both as to the candidates and as to the voters allied with the independent movement which wishes to support the candidates only on the independent line (*Matter of Crane* v. *Voorhis*, 257 N. Y. 298). Since a separate line is reserved on the ballot for those candidates nominated for various offices by this independent movement, it will be unfair to the candidates, their running mates and the signers of the nominating petitions to have a blank space where the names of these nominees would otherwise appear.