Emmett J. Schnepp, J.
Petitioner was nominated by the Republican Party, Conservative Party and Independent Party for the judicial office of Monroe County Family Court Judge. He seeks an order permitting his name to appear on a third and separate line on the official ballot for the Monroe County general election under the designation of the Independent Party, and that "the emblem of the Independent Party nominating him shall there be printed in conjunction with his name”. The Independent Party petition circulated in the Town of Irondequoit contained 2,200 signatures. The town has a total of approximately 36,000 voters. The Independent Party slate included local candidates, indorsed also by the Republican Party, seeking the positions of County Legislature, Town Supervisor, Town Council and Town Justice in the Town of Irondequoit, and petitioner, who is seeking a county-wide office. The number of signatures on this Independent petition was sufficient to designate the local candidates for their offices in the Town of Irondequoit and the petitioner for his office in Monroe County.
Petitioner seeks to have his name included on the Independent Party line in the Town of Irondequoit with the other local candidates seeking election. In the County of Monroe, outside of the Town of Irondequoit, where the Independent Party did not designate any candidates for office other than petitioner, he apparently requests an Independent Party line listing only his name. Section 248 of the Election Law denies *530 an additional independent column on the ballot to a candidate, who appears thereon as a candidate of two major parties. Petitioner contends that if he is denied a third, separate and distinct line on the voting machine, there will be a "blank” for the position of Monroe County Family Court Judge on the Independent Party line in the Town of Irondequoit. His name would then appear with the Independent Party emblem only on the Republican or Conservative line. Petitioner argues that a denial of a third line to him unjustly discriminates against and is prejudicial to Independent voters and is therefore unconstitutional.
To buttress his position, petitioner relies on language used by the Court of Appeals in the Matter of Battista v Power (16 NY2d 198) which states (p 201): "True, in some particular situations the courts held that it [section 248] could not constitutionally be enforced since in those instances application 'would be unfair and prejudicial to a particular class of voters’ (Matter of Callaghan v. Voorhis, 252 N.Y. 14, 18; Matter of Crane v. Voorhis, 257 N.Y. 298).” In Battista, the court focuses on the meaning of unconstitutional unfairness and prejudice and states (p 201): " 'Unfair and prejudicial’ must mean something beyond detriment or inconvenience since the Legislature itself has said that fairness calls for the prohibition of a third column. The kind of unfairness and prejudice which would make the section unconstitutional as to a particular group must be of such character as to deprive that group of proper representation on the voting machine or otherwise make it practically impossible for the members of that group to vote as such.”
The Independent Party is not deprived of proper representation on the voting machine in the Town of Irondequoit, where party members will be able to vote as a group, except for their nominees who have been nominated for the same office by more than one party. These excepted names shall appear in the column containing the names of candidates for other offices nominated by a regular party and the emblem of the Independent Party shall appear next to the Independent candidate. Only the Independent Party voters of Irondequoit may be "inconvenienced”. Furthermore, it is not "practically impossible” for members of the Independent Party "to vote as such” for their nominee, the petitioner. The fact that petitioner’s name shall not appear alone on a separate Independent Party line in the County of Monroe outside of Irondequoit is *531 not the kind of "unfairness and prejudice” discussed by the court in Battista.
Except for the circumstances relating to the Town of Irondequoit, the facts of the instant case are analogous to those in the case of Matter of Button v Donohue (18 NY2d 792). In Button, the petitioner was nominated as a candidate for public office by the Republican Party, the Liberal Party and AIM, an independent body, which did not designate any other candidate for office. Affirming the clarity and constitutionality of section 248 of the Election Law, the court denied petitioner’s request for a separate line as an independent candidate. Moreover, the courts have been consistent in denying an additional independent row on the ballot to a candidate who already appears thereon as the candidate of two major parties. (Matter of Cherry v Hayduk, 49 AD2d 934; Matter of Smith v McNab, 35 AD2d 744.)
Assuming arguendo that Battista recognizes the validity of an exception for "some particular situation”, petitioner’s claim might have some merit if the Independent Party nominees were seeking office on a county-wide basis; but that is not the case here. No separate line is reserved on the ballot for candidates nominated by the Independent Party outside of Irondequoit and the only voting machines where a blank space will appear for an independent nominee are located in Irondequoit. There is no unconstitutional unfairness or prejudice to any particular class of voters since petitioner’s name will appear on two regular party lines and will be designated as an Independent Party nominee by the emblem of the party.
Petition is dismissed.