## (October 27, 1981)

■ In the Matter of EDWARD J. KILEY, Respondent, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and MARQUETTE L. FLOYD, Appellant. — In a proceeding to compel the respondent board of elections to place the petitioner's name on a separate line on the ballot under the name "Independence Party" as a candidate in the general election to be held on November 3, 1981, for the office of Suffolk County District Court Judge, Second District, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated October 9, 1981, which granted the application. Judgment reversed, on the law, without costs or disbursements, application granted only to the extent that the name and emblem of the Independence Party shall appear on the ballot in either the Democratic, Conservative or Right To Life row, as designated by the petitioner or, if not designated by him, designated by the appropriate officer in accordance with section 7-104 of the Election Law, and proceeding is otherwise dismissed. Both the Court of Appeals and this court have held that former section 248 of the Election Law, now section 7-104, denies an additional independent row on the ballot to a candidate who already appears thereon as the candidate of two major parties (see *Matter of Battista v Power,* 16 NY2d 198, 201; *Matter of Cherry v Hayduk,* 49 AD2d 934; see, also, *Matter of Hentel v Power,* 18 NY2d 834; *Matter of Smith v McNab,* 35 AD2d 744). Hopkins, J. P., and Rabin, J., concur.

Gulotta, J., concurs on constraint of *Matter of Cherry v Hayduk* (49 AD2d 934) and *Matter of Smith v McNab* (35 AD2d 744), in accordance with the following memorandum, in which Mangano, J., concurs. Were we writing upon a clean slate, we would be inclined to adopt the view expressed by Justice Benjamin in his dissent in *Matter of Smith v McNab (supra),* and hold that section 7-104 (formerly § 248) of the Election Law does not require the exclusion from the Independence Party line of the petitioner's name as a candidate for the office of District Court Judge in Suffolk County merely because he is also the candidate of the Democratic, Conservative and Right To Life parties (see *Matter of Crane v Voorhis,* 257 NY 298; *Matter of Callaghan v Voorhis,* 252 NY 14). As Justice Benjamin observed (p 745): "Under the circumstances of this case, to exclude such candidates from the independent party line is discriminatory and unconstitutional, both as to the candidates and as to the voters allied with the independent movement which wishes to support the candidates only on the independent line * * * Since a separate line is reserved on the ballot for those candidates nominated for various offices by this independent movement, it will be unfair to the candidates, their running mates and the signers of the nominating petitions to have a blank space where the names of these nominees would otherwise appear." *Matter of Battista v Power* (16 NY2d 198) is distinguishable on its facts. However, in light of the contrary determinations by this court in *Matter of Cherry v Hayduk (supra)* and *Matter of Smith v McNab (supra)* we are constrained to agree that the judgment appealed from must be reversed and the application granted only to the extent indicated.