(October 27, 1983)

■ In the Matter of JAMES F. X. DOYLE et al., Appellants, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents. — In a proceeding to compel the respondent board of elections to place the name of petitioner Doyle on the separate Taxpayers Against Crime Party row, the names of petitioners Pendzick, Doroski, Ziemacki and Lombardi on the separate Better Riverhead Party row, and the names of petitioners Murphy, Grigonis, Kujawski, Bednoski and Krupski on the separate South-hold Preservation Coalition row of the ballot as candidates in the general election to be held on November 8, 1983 for various public offices in the County of Suffolk, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated October 24, 1983, which, *inter alia,* dismissed the petition. Judgment modified, on the law, by adding to the first decretal paragraph thereof after the word "hereby", the words "granted only to the extent of directing that the names and emblems of the respective independent bodies appear on the ballot in the row of the major party designated by each of the respective petitioners or, if not designated by each of such petitioners, designated, with respect to the petitioner or petitioners who so fail to act, by the appropriate officer in accordance with section 7-104 of the Election Law, and in all other respects the petition is". As so modified, judgment affirmed, without costs or disbursements. The petitioners have been designated by two, and in some cases three, major parties in addition to having been designated by their respective independent bodies. It is well settled that section 7-104 of the Election Law denies an independent row to a candidate who already appears on the ballot as the candidate of at least two major parties (*Matter of Kiley v Coveney,* 84 AD2d 585, affd 55 NY2d 866; *Matter of Cherry v Hayduk,* 49 AD2d 934; *Matter of Smith v McNab,* 35 AD2d 744; see, also, *Matter of Battista v Power,* 16 NY2d 198). Therefore, petitioners' names may not appear on the ballot other than on the rows of the major parties which have selected them. The judgment in this case, however, should have permitted the names and emblems of the respective independent bodies to appear on the ballot in the row of the major party designated by each of the respective petitioners (*Matter of Hentel v Power,* 18 NY2d 834; *Matter of Button v Donohue,* 18 NY2d 792; *Matter of Kiley v Coveney, supra*). Thompson, J. P., Weinstein, Brown and Niehoff, JJ., concur.

■ LEIBINGER-ROBERTS, INC., Respondent, v GUNTHER LEIBINGER et al., Appellants. — Appeal from an order of the Supreme Court, Kings County (Adler, J.), dated September 15, 1983, which granted Leibinger-Roberts, Inc.'s application for a preliminary injunction. Order reversed, on the law and the facts, with costs, and application for preliminary injunction denied. Upon a review of the record, we conclude that Leibinger-Roberts, Inc., has failed to show that it is faced with irreparable harm or that it does not have an adequate remedy at law in the form of an award of damages. We therefore find that the granting of a preliminary injunction constituted an improvident exercise of discretion (see *Chicago Research & Trading v New York Futures Exch.,* 84 AD2d 413; *Bruno Co. v Friedberg,* 21 AD2d 336; *Laurie Visual Etudes v Chesebrough-Ponds, Inc.,* 105 Misc 2d 413). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.