■ In the Matter of KENNETH P. LAVALLE et al., Appellants, v WILLIAM J. CANARY et al., Respondents, and IRA P. COSTELL, Intervenor-Respondent.—In a proceeding, *inter alia,* to validate a petition nominating Kenneth P. LaValle as a candidate of the Concerned Citizens Against LILCO, an independent body, in the general election to be held on November 4, 1986, for the public office of New York State Senator from the First Senatorial District, the appeals are from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated September 10, 1986, as denied LaValle a separate row on the ballot for the Concerned Citizens Against LILCO, and declared Election Law § 7-104 constitutional in all respects. (By order dated October 9, 1986, the Court of Appeals transferred the appeal to this court, *sua sponte.)*

Ordered that the appeal by the petitioner Leon J. Campo is dismissed, without costs or disbursements, for lack of standing (Election Law § 16-104 [1]).

Ordered that, upon the appeal by the petitioner LaValle, the judgment is affirmed insofar as appealed from by LaValle, without costs or disbursements.

The petitioner Kenneth P. LaValle has been designated by two major parties, in this case the Republican Party and Conservative Party, in addition to having been designated by the Concerned Citizens Against LILCO, an independent body. As we have previously stated, "[i]t is well settled that section 7-104 of the Election Law denies an independent row to a candidate who already appears on the ballot as the candidate of at least two major parties" *(Matter of Doyle v Coveney,* 97 AD2d 527; *see also, Matter of Kiley v Coveney,* 84 AD2d 585; *affd* 55 NY2d 866). The constitutionality of Election Law former § 248, now § 7-104, has been upheld *(see, Matter of Battista v Power,* 16 NY2d 198, 201; *Matter of Button v Donohue,* 18 NY2d 792, 793). The challenged statute does not limit access to the ballot *(cf. Anderson v Celebrezze,* 460 US 780; *Illinois Elections Bd. v Socialist Workers Party,* 440 US 173) but merely permissibly regulates the positioning on the ballot of candidates cross-endorsed by more than one party and an independent body. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.