■ In the Matter of ANTHONY J. POCCHIA, Respondent-Appellant, v DANIEL DEFRANCESCO et al., Appellants-Respondents.— In a proceeding to compel the respondent New York City Board of Elections to include the petitioner's name on a separate line on the ballot under the "Staten Island Secession Party" as a candidate in the general election to be held on November 6, 1990, for the public office of Member of Congress from the 14th Congressional District, the appeal is from so much of a judgment of the Supreme Court, Richmond County (Kuffner, J.), dated October 22, 1990, as granted the petition with respect to the 59th and 60th Assembly Districts, and the petitioner cross-appeals from so much of the judgment as denied the petition with respect to the 58th Assembly District.

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the petition is denied in its entirety.

It is well settled that, in the absence of unfair and prejudicial circumstances (see, Matter of Battista v Power, 16 NY2d 198), Election Law § 7-104 denies an independent row to a candidate who already appears on the ballot as the candidate of at least two major parties (Matter of LaValle v Canary, 123 AD2d 730; see also, Matter of Doyle v Coveney, 97 AD2d 527). The unfairness and prejudice must be of such character as to deprive an independent body of proper representation on the voting machine or otherwise make it practically impossible for the members of that group to vote as such (Matter of Battista v Power, supra, at 201). We find that no such unfairness and prejudice exist here (see, Matter of Kiley v Coveney, 84 AD2d 585, affd 55 NY2d 866). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.