In the Matter of the Application of SMITH O'BRIEN et al., Appellants, to Review the Attempted Nomination of GILBERT D. B. HASBROUCK, Respondent, for the Office of Justice of the Supreme Court for the Third Judicial District, under the Name and Emblem of the National Progressive Party.

In the Matter of the Objections of JOHN J. LINSON et al., Appellants.

### Election Law — independent nomination.

*People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231), approved and followed as to number of signatures necessary for independent nomination for justice of Supreme Court.

*Matter of O'Brien,* 152 App. Div. 856, affirmed.

(Argued October 24, 1912; decided October 25, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 23, 1912, which affirmed an order of Special Term overruling objections to an independent certificate of

nomination of Gilbert D. B. Hasbrouck for the office of justice of the Supreme Court.

*William M. Chadbourne* and *Neile F. Towner* for petitioners, appellants.

*Howard Chipp* for John J. Linson, appellant.

*A. T. Clearwater* for Gilbert D. B. Hasbrouck, respondent.

*Thomas Carmody, Attorney-General,* for secretary of state.

*Per Curiam.* The prevailing opinion of the Appellate Division expressed the conclusion that the certificate of nomination attacked in this proceeding did not have the number of signers required by the statute, and proceeded to discuss the questions involved upon the merits because such alleged defect in the certificate had been waived by the interested parties. We disapprove that conclusion upon the authority of *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231), recently decided by us. We approve the reasoning of that opinion upon the merits of the controversy presented by these appeals and affirm the order of the Appellate Division thereon, with costs.

CULLEN, Ch. J. (dissenting). The number of signatures to the certificate of Mr. Hasbrouck's nomination for justice of the Supreme Court in the third judicial district was sufficient under our recent decision in *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231) and the certificate complies in its terms with the requirements of the statute. Therefore, so far as it is sought to set aside that certificate, the application of the appellants was properly denied.

But the substantial question whether the signers of the certificate are entitled to the name " National Progressive Party " and the emblem of a moose's head, which they in the petition select for their party, remains. Long anterior to the execution and filing of this certificate of nomination the requisite number of electors had by certificate placed in nomination for presidential electors and

state officers a full list of nominees and had selected as the name of their organization "National Progressive Party" and as their emblem a moose's head. Under the Election Law to constitute a party within the terms of that statute an organization must have polled at least ten thousand votes for some state officer at the last general election. (Election Law, L. 1911, ch. 891, sec. 3, subd. 8.) An "independent body" means "any organization or association of citizens who, by petition, nominate candidates for office to be voted for at a general, special or village election, or town meeting, and which, if such independent body nominated candidates to be voted for at the preceding general election of a governor, did not poll at least ten thousand votes for any candidate nominated by it for any office to be voted for by all the electors of the State." (Id. subd. 15.) These two classes include all combinations of electors for political action so far as they are given the right to have the names of their nominees placed on the official ballot. The organization of the National Progressive party which, by certificate, placed state officers in nomination did not exist prior to this year and, hence, was not a party as known to the law, but merely an independent body. As an independent body it was given the right to select the name of its organization and the emblem under which its nominees should be placed on the ballot. If it had failed to specify in the certificate of nomination a name and emblem it would have been the duty of the officer with whom the certificate was filed to give it an emblem. Having selected a name and emblem not hitherto taken by any party or independent body its right thereto became exclusive. This much is conceded by all. The only ground, therefore, on which the right of the nominators of Mr. Hasbrouck can be sustained is that they constitute the same independent body which earlier nominated the state officers. In answer to the claim of the respondent in this respect I insist that there is no evidence to sustain that fact, if in law it is possible for such a fact to exist, and secondly, that within the law

all certificates of nomination by different persons for different offices are by different independent bodies.

As to the first proposition : The certificate reads: "We hereby designate as the political name of the party which the signers hereto select, the name ' National Progressive Party.' We hereby select as the emblem or device to represent and distinguish the candidates hereby nominated by us the head of a moose enclosed in a black square." The next statement found in the certificate is: "We, the undersigned, duly qualified electors of the district for which the nomination for public office is hereby made under the provisions of sections one hundred and twenty-two and one hundred and twenty-three of the Election Law, do hereby declare that it is our intention to support at the polls the candidacy of the person or persons herein nominated for public office. That we have not signed and will not sign another independent certificate of nomination nominating the same or a different person or persons from those herein nominated for office or offices herein designated." Then follow the signatures, after which is found the certificate of the officer that each of the signers acknowledged the execution of the certificate subscribed by him and made oath that he was an elector and that it was his intention to support at the polls the candidacy of the person nominated in the certificate and that he had not signed another independent nomination for the same office. There is not to be found in the certificate the faintest suggestion that any of its signers was an associate of the body of citizens which put in nomination the Roosevelt electors and Mr. Straus and the other state officers; not the faintest suggestion that any of them intends to support either Mr. Roosevelt or Mr. Straus. Indeed, there is no claim in the certificate to the name and emblem because the signers had any affiliation with any other body of citizens, but merely because it was a matter of their own selection, a claim which would have been perfectly good had not the name and emblem been previously appropriated. The language of the certificate is: "We hereby designate as the political name of the

party which the signers hereto select  *  *  *.  We hereby select as the emblem or device to represent and distinguish the candidates hereby nominated  *  *  *." A majority of the learned Appellate Division and a majority of my brethren of this court who have approved that opinion hold that the presumption is that they must be members of the National Progressive party because they happened to select the same name. Why such a presumption exists I am at loss to see. As already said, they pledged fealty to neither Mr. Roosevelt nor Mr. Straus, but solely to Mr. Hasbrouck, who it appears is the regular Republican nominee for the office for which they have placed him in nomination. Him they have made oath they will support, while the candidacy of the leading Progressive nominees they wholly ignore. I should say that if any presumption arose on this certificate, if any presumption is to be indulged in, it would be that the signers were Republicans, but, of course, no presumption should be indulged in either way. No subscriber would violate his word if he should bitterly oppose Roosevelt and Straus. If the signers were the same or a part of the same independent body which had put the state officers in nomination, the certificate should have stated the necessary facts to show it and the signers should have verified that fact. Yet such a certificate is sustained against the protest of the committee to which has been confided the control of the state organization. I think it should not be so held.

I now reach my second position. As already quoted from the statute, an " independent body " means " any organization or association of citizens who, by petition," have nominated candidates for office. The persons who executed the first certificate and they alone, under the statute, constitute the independent body. This is necessarily so. The requisite number of electors take joint action to nominate for certain offices, adopt a title and emblem. They may not choose to go further even than one office. It may be that they cannot agree in joint action for the other offices. Is it possible that they can-

not nominate for the office on which they do agree except at the risk of other electors who assert their intention to support the independent nominee — in this case without even asserting that intention — appropriating their name and emblem to nominees to which the members of the original organization may be most bitterly hostile — nominees so unpopular as to destroy any chance of the election of the first nominee? In my judgment the fundamental error in the prevailing opinion below is in its view of the status and character of the so-called National Progressive party. It first holds that the provision in section 125 of the Election Law that "If there be a division within a party, and two or more factions claim the same, or substantially the same, device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to the convention or primary, or committee thereof, recognized by the regularly constituted party authorities," does not apply to the National Progressive party because it is not a party. In that ruling it was correct. It, therefore, felt itself at liberty to ignore the wishes and desires of the executive committee of that organization. But when it comes to consider the right of the signers of the Hasbrouck certificate to make a nomination it treats the organization that nominated the state ticket and first chose the name and emblem as if it were really a party, instead of a party only in name. The opinion reads: "The petition being regular and being the one first filed we think it must be assumed that the signers were members of the National Progressive party, and that it cannot be assumed that they were not in good faith members of that party, but were in fact members of either the Republican or Democratic parties." There is no National Progressive party, as it had already held, but the word "party" is merely a part of the name of an independent organization. When one accepts a party nomination he takes the chances of the strength and popularity of his associates on the ticket which may either aid or injure him. Not so with the nominee of an independent body. His pros-

pects, usually not over bright at best, cannot be affected by the action of others foisting upon him associates whom his nominators never selected. An even cursory consideration of the statutory requirements for independent nominations shows that different bodies of citizens executing certificates of nomination for different offices are to be considered as different bodies. I have said that the certificate before us was sufficient and valid, except as to name and emblem. It stated all that is prescribed and the subscribers made oath to all that is required by the statute, to wit, that they intended to support the candidate whom they put in nomination. Is it possible that if the statute contemplated that such nomination could be imposed upon the action of another number of electors who had executed an earlier certificate for other offices, it would not have required the subscribers to the second certificate to pledge some fealty in support of the candidates nominated by the earlier certificate? No man can vote at a primary election and join in the nomination of party candidates without declaring his intention to support generally at the next general election the nominees of his party for state and national offices. The decision now to be made deprives citizens making an independent nomination of even this protection against the action of other citizens seeking to foist upon them, against their will and protest, other nominations.

Finally, beyond all that I have said, there is one objection to the respondent's claim to the name and emblem of the "National Progressive Party," which in my judgment is beyond the realm of debate. Assuming that the subscribers to Mr. Hasbrouck's petition intend to support the nominees of the independent body for state and national offices, and, therefore, are members of that body, it is possible, if not extremely probable, that there are many thousand voters in the district with like intention and, therefore, also members of the independent body in exactly the same sense and possessed of exactly the same rights as those subscribers. There has been no convention of the body within the district, no primary, no meet-

ing nor call for a meeting of the members of the body, and it is also possible, if not extremely probable, that the subscribers to the certificate constitute but a small minority of the members of the independent body. Where, then, did they obtain the right to act in the name and behalf of the whole body without giving the other members of the body an opportunity to participate in such action? There is not a shadow of justification for such authority either in the statute or in any principle of law. Of course, as electors residing in the district and constituting the requisite number, they had the right to make a nomination on their own behalf, but not on behalf of others, as well as of themselves.

The orders of the Appellate Division and Special Term should be modified by directing the secretary of state not to certify the name or emblem selected by the subscribers of Mr. Hasbrouck's certificate, but upon their failure to select and choose another name and emblem, to select an emblem for them, without costs to either party.

GRAY, HAIGHT, CHASE and COLLIN, JJ., concur for affirmance; CULLEN, Ch. J., reads dissenting opinion, and VANN and WERNER, JJ., concur.

Order affirmed.