In the Matter of REUBEN L. HASKELL, Appellant, against JOHN H. VOORHIS et al., Constituting the Board of Elections of the City of New York, Respondents.

**Elections — voting machines — names of candidates.**

The placing on voting machines of the name of a candidate, nominated by a regular party and also as sole candidate of an independent party for the same office, solely in the column of the regular party with its emblem and also the emblem of the independent party, does not, under the circumstances, constitute unjust discrimination to the prejudice of the candidate.

*Matter of Haskell* v. *Voorhis*, 221 App. Div. 873, affirmed.

(Argued October 25, 1927; decided October 26, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 24, 1927, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel defendants to place the name of the petitioner, nominated for the office of judge of the County Court of Kings county, to be filled at the general election to be held on the 8th day of November, 1927, in the party line and column of the Republican party with the party emblem of said party printed in connection with petitioner's name, and in a separate line and column of

the independent party and body, to wit, the Anti-Dry League, with the party emblem of said party printed in connection with petitioner's name, and to place the name of the petitioner in a separate line and column of each of said parties and bodies, and to assign a separate line and column to the candidate and to the Anti-Dry League party and body, and to have all the voting machines to be used at the general election in and for the county of Kings arranged and prepared in accordance with such directions. The board of elections had declared its intention of placing petitioner's name on the voting machines in the column of the Republican party with its emblem for county judge and also with the emblem of the Anti-Dry League, which had named him as its sole nominee.

*David F. Price* and *Reuben L. Haskell* for appellant. The ruling of the court below is incorrect. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144; 204 N. Y. 524; *Matter of Callahan*, 200 N. Y. 59; *Matter of Burke* v. *Terry*, 203 N. Y. 293.)

*George P. Nicholson, Corporation Counsel* (*Joseph P. Reilly* of counsel), for respondents.

*Albert Conway* for Democratic County Committee of Kings County.

*Per Curiam.* We hold in the circumstances of this case that there was no unjust discrimination to the prejudice of the petitioner.

The Anti-Dry League nominated a single candidate for a single office. A member of that league would have no difficulty in finding the name of that candidate upon the machine, and would not be diverted by the form of the machine into a belief that the name of such candidate was to be looked for elsewhere.

17

The question is not here whether unfairness or prejudice would result if the League had nominated other candidates whose names were placed upon a separate horizontal column to the exclusion of the petitioner's, and as to that we express no opinion.

The order should be affirmed without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., dissents.

Order affirmed, etc.