In the Matter of ROY V. PEEL, Individually and as Chairman of the City Fusion Party, et al., Appellants and Respondents, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and HAROLD GOLDMAN et al., Respondents and Appellants.

(Argued October 31, 1934; decided October 31, 1934.)

*Walter M. Weis* for petitioners, appellants and respondents.

*Albert S. Bard* and *Samuel D. Smoleff* for William J. Schieffelin, as chairman of the Citizens Union of the City

of New York, intervener.

*Edward Weinfeld, Harry Malter* and *Martin M. Goldman* for Alex Kraut, respondent and appellant.

*Samuel Falk* and *Nathan E. Percy* for Harold Goldman, respondent and appellant.

*Joseph P. Brennan, Jr.*, for S. Philip Cohen, respondent and appellant.

POUND, Ch. J.   The City Fusion party is an independent party, not a legally recognized statewide political party.   It is not a political organization polling a sufficient number of votes for Governor to enable it to nominate its candidates by party conventions.   It may make independent nominations by petition for public officers to be voted for at an election, either for State officers or for any lesser political unit of the State, and may select a name and emblem for the independent body thus making the nominations.

It is required of signers of petitions for independent nominations that they shall be qualified voters of the political unit for which a nomination for public office is made and that they intend to support at the ensuing election the persons nominated by them.   No requirement that such subscribers or the candidates thus nomi-

nated shall be in accord with the principles of the independent party is found in the statute. No such requirement exists as to party nominations of candidates. Nominees, particularly judicial nominees, of one regular political party, are, not infrequently, indorsed by an opposing party and such candidates are thereby supposed to achieve merit, although they may be regularly enrolled members of another party.

The City Fusion party nominated certain candidates by petition for the New York city election of 1933. It met with a considerable measure of success, but as it had no candidate for Governor it did not become a regular "party" within the meaning of the Election Law (Cons. Laws, ch. 17). Nevertheless it has endeavored to make itself one, de facto if not de jure. Again in 1934 it was obliged to resort to the independent nominating petition method in order to place its candidates in nomination for political offices to be voted for. In so doing it selected a name and an emblem, the name, City Fusion party, the emblem, the four-leafed clover. The party leaders formed a permanent organization which purports to control the use of the independent party name and emblem and to forbid its use by those whose candidacy it does not approve. Notwithstanding, petitions have been filed under the Fusion name and emblem (a) to nominate candidates where the Fusion organization has nominated approved candidates, (b) to nominate candidates where the Fusion organization presents no candidates.

The question here arises as to the right of petitioners to use the Fusion name and emblem to nominate candidates against the wishes and with the disapproval of this Fusion central organization.

The objection to such nominations is stated by CULLEN, Ch. J., dissenting in Matter of O'Brien (206 N. Y. 694, 701). He says: " Of course [nominating petitioners], as electors residing in the district and constituting the requisite number, they had the right to make a nomi-

nation on their own behalf, but not on behalf of others " (that is, on behalf of others making an independent party nomination under the same name and emblem). Chief Judge CULLEN would modify the orders of the lower courts by directing the election officers not to certify the name or emblem selected by the subscribers to the so-called interloping petitions, but to require such subscribers to select and choose another name and emblem for themselves, or allow such selection to be made for them. This would be, at least, an unfortunate result, tending to complicate the official ballot, if strictly applied.

The views of the eminent jurist, as fully and carefully expressed, are entitled to great respect, but it remains the law, as laid down by the majority of the court, that the required number of voters making a nomination for the office may adopt a name and emblem which other voters have adopted in order to nominate candidates for other offices without thereby adopting for themselves the general declaration of principles of such independent party or nominating a candidate in sympathy therewith. (*Matter of Trosk* v. *Cohen*, 262 N. Y. 430; *Matter of Straus*, 265 N. Y. 600.)

The ruling of the executive committee is to control in the case of conflicting nominations (*Matter of Marcus* v. *Cohen*, 262 N. Y. 444), otherwise the vigilant interloper might deprive the authorized candidate of his nomination by filing his petition first. Some rule should govern in such cases and this rule seems rational, although to be strictly logical we should ignore the committee entirely.

To give the independent party committees the power to limit the use of their name and emblem, legislative authority is necessary. Argument in support of such legislation would not lack force. Harmony of judicial decisions compels us to lay down a rule that, except where the independent party desires to nominate a candidate under its own party name and emblem, a nomination may be made under that name and emblem

without the consent of the independent party organization. The problem is now inherently legislative. For the sake of uniformity and certainty, the court should adhere to its prior decisions and not deal lightly with them after they have been deliberately adopted and declared.

The orders should be modified in accordance with this opinion and as so modified affirmed.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.