HARRY KAUFMAN, Respondent, v. JOHN ABRAMSON & Co., INC., Appellant, and SPEAR & COMPANY, Defendant.— The plaintiff sued for damages for personal injuries. He alleged and gave evidence tending to prove that defendant-appellant, in demolishing a building adjoining plaintiff's store and rear yard, caused brick, stones and debris to fall into the yard and permitted them to remain there despite plaintiff's protest and appellant's promises to remove them. Plaintiff also showed that while chasing juvenile marauders from his store in the evening, when it was dark, he stumbled over some of such material and fell into the cellar of the demolished building. The court left the question of appellant's negligence and plaintiff's freedom from contributory negligence to the jury for determination. The jury found a verdict for plaintiff for the sum of $1,000. Such verdict finds support in the evidence. What occurred was reasonably to be anticipated by the appellant. Appellant knew the situation was dangerous, as is clear from testimony on its behalf to the effect that before the accident occurred it built around the cellar a fence not particularly described in the evidence. Refusal of the court to permit appellant to read in evidence at the trial its own testimony taken by the plaintiff on an examination before trial did not prejudice the appellant or affect any of its substantial rights, particularly in view of the fact that the court offered to allow the appellant an opportunity to produce the witness on the trial. Admission in evidence of a notice to produce served by plaintiff before a former trial was not erroneous and did not affect any substantial right of the appellant. Judgment for plaintiff and order entered after reargument denying defendant-appellant's motion for a new trial unanimously affirmed, with costs. Appeal from order denying the original motion for a new trial dismissed upon the ground that said order was superseded by the order made upon reargument. Present — Young, Hagarty, Carswell and Taylor, JJ.; Lazansky, P. J., concurs in result: