In the Matter of the Application of HAZARD E. ROBINSON, Petitioner, Appellant, for an Order Directing the Board of Elections of the County of Cattaraugus to Provide an Official Ballot for the General Election to be Held in the County of Cattaraugus on the 8th day of November, 1938, in the Form Provided by the Election Law, against CHARLES W. BROCK and BASIL J. TITUS, Constituting the Board of Elections of the County of Cattaraugus, Respondents.

Fourth Department, October 31, 1938.

*G. Sydney Shane* and *Charles E. Congdon,* for the appellant.

*James S. Pierce,* for the respondents.

PER CURIAM. The petitioner has been nominated for the office of commissioner of public welfare in the county of Cattaraugus, both by the Democratic party and by an independent body naming itself Independent Taxpayers party. The independent body has, however, nominated no candidate for any other office. Section 249 of the Election Law contains the following language: " The names of all candidates nominated by any party or independent body for an office shall always appear in the row or column containing generally the names of candidates nominated by such party or independent body for other offices except as hereinafter provided." The following provisions of the section have no direct application to the present case. (*Matter of Haviland* v. *Ellrodt,* 268 N. Y. 488.) As we read the quoted sentence, its provisions so far as it relates to nominations by an independent body are also not applicable to

the instant case. The language contemplates nominations by an independent body for more than one office. Otherwise the words " in the row or column containing generally the names of candidates nominated by such party or independent body for other offices " would not have been used. We reach the conclusion, therefore, that a person who is the sole candidate of an independent body is not by the language of this sentence entitled to a separate row or column. A direct precedent for the view expressed is found in *Matter of Shaeffer* (237 App. Div. 278). The constitutional question sought to be raised has been decided adversely to the petitioner in *Matter of Haskell* v. *Voorhis* (246 N. Y. 256). For these reasons the order should be affirmed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Order affirmed, without costs.