In the Matter of THOMAS A. AURELIO, Respondent.
S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Defendants; MATTHEW M. LEVY, Appellant.

Argued October 21, 1943; decided October 22, 1943.

*David Halper* and *Harold P. Spivak* for appellant. So much of the order appealed from as granted petitioner's application to consolidate the lines of the three parties, should be reversed. (*Matter of Callahan,* 200 N. Y. 59; *Matter of Hopper* v. *Britt,* 203 N. Y. 144; 204 N. Y. 524; *Matter of Gilfillan,* 207 N. Y. S. 628, 212 App. Div. 855, 240 N. Y. 579; *Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Lynn* v. *Nichols,* 254 N. Y. 630; *Matter of Crane* v. *Voorhis,* 257 N. Y. 298; *Matter of Haviland* v. *Ellrodt,* 268 N. Y. 488; *Matter of Brennan,* 242 App. Div. 789; *Matter of LaGuardia* v. *Cohen,* 266 N. Y. S. 739.) So much of the order of Special Term as compelled the Board of Elections to print Matthew M. Levy's name as a candidate of two independent bodies upon the ballots in only a single line was reversible error. (*Matter of LaGuardia* v. *Cohen,* 266 **N. Y. S.** 739; *Matter of Haviland* v. *Ellrodt,* 268 N. Y. 488.)

*Robert H. Elder* and *Edward J. Fontana* for Thomas A. Aurelio, respondent. The placing of the name of Levy in a separate line, in addition to the line of the American Labor Party, is contrary to section 249 of the Election Law and recent adjudicated cases. (*Matter of Shaeffer,* 237 App. Div. 278; *Matter of Robinson* v. *Brock,* 255 App. Div. 308; *Matter of Haskell* v. *Voorhis,* 246 N. Y. 257; *Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14.)

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel* of counsel), for Board of Elections of City of New York.

*Per Curiam.* The appellant, Matthew M. Levy, was nominated by the American Labor Party for the office of Justice of the Supreme Court. In accordance with the provisions of section 249 of the Election Law his name will appear on the voting machine or ballot " in the row or column containing generally the names of candidates nominated by such party * * * for other offices". He has also been nominated for the same office by independent certificates of two organizations or groups of voters who have selected respectively the names of the Integrity Party and Justice Party. The Board of Elections ruled that his name should appear not only on the row or column containing the names of candidates nominated by the American Labor Party for other offices, but also on a separate row or column as candidate of the Integrity Party and on a third row or column as candidate of the Justice Party. Another candidate for the same office who had been nominated by Democratic and Republican parties brought proceedings in the Supreme Court in accordance with article 14 of the Election Law to compel the Board of Elections to place the appellant's name " on the voting machines and official ballots only in the column and line of the American Labor Party, which nominated him for said office, with its emblem, and with the names of the Integrity Party and the Justice Party, independent bodies which nominated him for the same office, appearing on said American Labor Party line in connection with his name ".

The appellant alleged among other things, in an affidavit filed in opposition, that though the petitioner was nominated by both the Democratic and Republican parties, both parties have attempted to " repudiate " their candidate and that " the

Integrity Party was formed by the Democratic Party to afford Democratic voters a ready opportunity of defeating their unwanted candidate by electing me through a vote registered on an independent line which would reflect truly and exclusively the Democratic anti-petitioner vote '' and that these voters '' might refrain from voting for me entirely, rather than to cast a vote for me on the American Party line.'' The petitioner urged that he would be prejudiced severely if his name appeared only on that line and that '' a substantial number of voters who might desire to vote for me on the Integrity or the Justice Party lines, but who might not vote for me on any other line would, in effect, be disfranchised with regard to the particular office involved.''

The court at Special Term found that '' to hold that Mr. Levy is entitled to have his name appear only on one row as the candidate of the American Labor Party, although alongside his name in that row would also appear the emblems and the names of the two independent bodies which have also nominated him as their candidate, would tend to confuse and mislead the independent voters who wish to support him as an independent and not as the candidate of any' political party.'' That finding has not been reversed by the Appellate Division and is binding upon us.

The '' form of ballots on voting machines '' is defined in section 249 of the Election Law and there is no provision in that section which sanctions placing Mr. Levy's name in any line other than that on which appear the names of candidates nominated by the American Labor Party. We have, however, held in analogous cases that '' there must be no unnecessary discrimination between the independent and the party voter in respect of the facilities offered to him for a prompt and intelligent and ready expression of his choice.'' Regulations and restrictions which fail to give effect to this rule are unconstitutional and must be disregarded so far as they interfere with the full and free choice of all voters — party and independent voters alike. *Matter of Crane* v. *Voorhis* (257 N. Y. 298, 304) and cases there cited. The finding of the trial court, supported by proof and affirmed by the Appellate Division, conclusively establishes that in this case strict observance of the letter of the statute would interfere unnecessarily with the '' intelligent and ready expres-

sion of his choice " by an independent voter. In such circumstances the court at Special Term could properly direct that Mr. Levy's name should appear as candidate of the American Labor Party in column 5, row C, and his name as candidate of the two independent bodies in column 5, row D.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.