In the Matter of LEONARD BELFORD, Petitioner, against BOARD OF ELECTIONS OF NASSAU COUNTY, Respondent, and LOUIS R. GLANTZ, Intervener, Respondent.*

Supreme Court, Special Term, Nassau County, October 20, 1953.

*Leonard Belford,* petitioner in person.

*G. Burchard Smith, County Attorney (Francis Donovan* of counsel), for respondent.

*Vogel, Vogel & Fremont* for intervener, respondent.

PETTE, J. In this proceeding under section 330 of the Election Law, petitioner, the candidate of the Clean Government party for the position of City Court Judge of the City of Long Beach, seeks to have the arrangement of the voting machine format, proposed to be used by the Board of Elections, altered, so that his opponent will not appear on the ballot on a separate line of the United City party, another independent body.

It is said that section 248 of the Election Law requires such a revision. It is fair to say that a literal reading of the section could lead to such a result.

Judge GLANTZ is the candidate of the Republican, Democratic and Liberal parties and so appears on the proposed ballot on a separate line under each emblem. But he was also nominated by the petition of 1,742 independent voters in a city where the total vote is less than 8,000. This is a substantial group, who should not be compelled to vote for their candidate under

---

* Affd. without opinion 282 App. Div. 891, affd. 306 N. Y. 70.

some other emblem, to which they might have objection. It is a mere happenstance that this independent body did not file in time to have their full slate on the ballot.

The construction of section 248 contended for by the petitioner certainly seems to discriminate against an independent body vis-a-vis an established party and, as so interpreted, would raise serious doubt as to its constitutionality (*Matter of Aurelio* [*Cohen*], 291 N. Y. 176).

A somewhat similar application was decided adversely to the contention of the petitioner in *Matter of Smyth* v. *Westchester Co. Bd. of Elections* (198 Misc. 604), although in that case the petitioner was not the candidate of all major parties and thus, that case is not on all fours with the instant case.

A different question might be presented where so many independent listings were proposed that they might cause confusion and perhaps interfere with an orderly expression of the voters will.

But that is not the case here. The facsimile of the proposed ballot which has been submitted to the court should give rise to no confusion or difficulty, and accordingly, the decision of the Board of Elections is left undisturbed.

Petition denied. Submit order.