In the Matter of LEONARD BELFORD, Appellant, against BOARD OF ELECTIONS OF NASSAU COUNTY, Respondent, and LOUIS R. GLANTZ, Intervener, Respondent.

Argued October 23, 1953; decided October 23, 1953.

*Leonard Belford,* appellant in person. I. The provisions of section 248 of the Election Law require reversal of the order appealed from. (*Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Robinson* v. *Brock,* 255 App. Div. 308; *Matter of Shaeffer,* 237 App. Div. 278; *Matter of Aurelio [Cohen],* 291 N. Y. 176; *Matter of Smythe* v. *Westchester Co. Bd. of Elections,* 198 Misc. 604.) II. The number of the enrolled voters in the three regular parties shows that no prejudice will result to Judge GLANTZ in the consolidation required by the statute.

*Foster E. Vogel* and *Morris Alfred Vogel* for intervener-respondent. I. Section 248 of the Election Law does not require the deletion of Judge GLANTZ's name from the United City party of Long Beach line. (*Matter of Aurelio [Cohen],* 291 N. Y. 176.) II. The moving papers indicate the type of opposition to Judge GLANTZ.

*Per Curiam.* This is a proceeding under section 330 of the Election Law. Petitioner, Belford, the candidate of the Clean Government party for the position of City Court Judge of the City of Long Beach, seeks to have the arrangement of the voting machine format, proposed to be used by the Board of Elections, altered so that his opponent, Glantz, will not appear on the ballot on a separate line of the United City party, an independent body.

Judge GLANTZ is the candidate of the Republican, Democratic and Liberal parties, and so appears on the proposed ballot on a separate line under each emblem.

Petitioner contends that section 248 of the Election Law requires that Glantz's listing on the United City party line be consolidated with the line of one of the regular parties. That section reads in part: '' When the same person has been nominated for the same office to be filled at the election by more than one party, the voting machine shall be so adjusted that his name shall appear in each row or column containing generally the names of candidates for other offices nominated by any such party; and if such candidate has also been nominated by one or more independent bodies, his name shall appear only in each row or column containing generally the names of candidates for other offices nominated by any such party, and the name and emblem of each such independent bodies shall appear. in one such row or column to be designated by the candidate in writing filed with the officer charged with the duty of providing ballots, or if such person shall fail to so designate, the names and emblems of such independent bodies shall appear in such row or column as such officer shall determine.''

Special Term (PETTE, J.) observed that a literal reading of the section might sustain petitioner's contention. However, he went on to state that such a construction '' certainly seems to discriminate against an independent body vis-à-vis an established party and, as so interpreted, would raise serious doubt as to its constitutionality ''. (204 Misc. 858, 859.). He then concluded that the proposed ballot gives rise to no confusion or difficulty and denied the petition. The Appellate Division unanimously affirmed.

Mr. Justice PETTE found that the granting of the relief here sought tends to discriminate against a large body of independent voters. He stated that the total vote in the city here involved is less than 8,000, yet the petition which originally designated a number of candidates for other offices and Glantz for City Court, was signed and acknowledged by independent voters, who describe themselves as the '' United City Party '', and bears 1,742 signatures — almost 22% of the electorate. Those figures he found gave fair indication that many voters may prefer not to follow a '' regular party line '' and might refrain from voting for Glantz rather than vote for him as a candidate of the Democratic, Republican or Liberal parties.

In affirming, a unanimous Appellate Division wrote that " strict observance of the letter of section 248 * * * would interfere unnecessarily with the intelligent and ready expression of his choice by an independent voter." (282 App. Div. 891.) That finding of fact is conclusive here. (See *Matter of Crane* v. *Voorhis,* 257 N. Y. 298, 301; *Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Aurelio* [*Cohen*], 291 N. Y. 176.)

The order should be affirmed.

FULD and VAN VOORHIS, JJ., dissent in the following memorandum.

To hold — as the court is now holding — that respondent is entitled to have his name appear in a separate row for the independent body goes far toward nullifying section 248 of the Election Law. Respondent has been named by all three of the regular political parties and his name appears on the voting machine in each of the rows of those three parties. We see nothing unreasonable in the statute's preventing his name from being listed also as an " independent ".

CONWAY, DESMOND, DYE and FROESSEL, JJ., concur in *Per Curiam* opinion; FULD and VAN VOORHIS, JJ., dissent in memorandum; LEWIS, Ch. J., taking no part.

Order affirmed.