■ WILLIAM H. ROGERS, Respondent, v. RICHARD SAXTON et al., Appellants, et al., Defendants.— In an action to adjudge respondent to be the owner of 29 acres of land in Suffolk County, and for other relief, the appeal is from so much of an order on reargument as denies appellants' motion for summary judgment. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ HYMAN WANK, as Administrator of the Estate of TOWNSEND DE BRIDE, Deceased, Respondent, v. ANNIE HERMAN et al., Appellants.— Action to recover damages for personal injuries alleged to have been sustained by respondent's intestate when he fell down a stairway in a multiple dwelling owned by appellants and in which said intestate was a tenant. The appeal is from a judgment directed in favor of respondent after trial by the court without a jury. The trial court found that lack of adequate light, of which appellants had actual notice, was the proximate cause of the accident. Judgment unanimously affirmed, with costs. On this record, a question of fact was presented for determination by the trial court (Multiple Dwelling Law, § 37; *Swain* v. *Gianone*, 282 App. Div. 966). Respondent's intestate had died between the time of his examination before trial by appellants and the trial. It was not error to permit respondent to read in evidence portions of such examination, which examination had not previously been offered in evidence by appellants, the examining parties (Civ. Prac. Act, § 303; *Berdell* v. *Berdell*, 86 N. Y. 519; *Kaufman* v. *Abramson & Co.*, 248 App. Div. 628). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

## (October 30, 1956)

■ In the Matter of GEORGE W. PERCY, JR., Appellant, against JOHN P. COHALAN, JR., et al., Respondents.— Order affirmed, without costs. We may not consider on this appeal the affidavits submitted by the appellant upon the argument of the appeal. They were not before the Special Term when it considered the application herein. In its decision the Special Term stated that no facts were presented to it for determination. In view of the record, that conclusion was proper (*Matter of Shaeffer*, 237 App. Div. 278). This case is, therefore, to be distinguished from *Matter of Belford* v. *Board of Elections of Nassau County* (306 N. Y. 70). Wenzel, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order and to deny the application.