Leonard J. Supple, J.
This is an application pursuant to subdivision 3 of section 330 of the Election Law for an order directing the respondents to rearrange the form and content of the voting machine strip to be employed on the voting machines in the village election to be held March 15, 1960. The respondents have placed first on that strip and in Row “ A ” the candidates Fitzgerald and Menconi, nominated by an independent body calling itself the Good Government party, by a petition containing 1,070 signatures. Second in the strip and in Row “ B ” the respondents have placed the candidates Cannizzaro and Strang who have been nominated by an independent body calling itself the Village party, by a petition containing 129 signatures, and also by an independent body calling itself the Citizens party, by a petition bearing 120 signatures.. The emblems of these independent bodies precede the names of the candidates in the strip so that before the names of Fitzgerald and Menconi appears the emblem of the Good Government party and before the names of Cannizzaro and Strang appear the emblems of both the Village party and the Citizens party. The emblems of the last two, however, are necessarily both placed in Row “ B ”, which is the only place where the names of their candidates appear on the strip.
The petitioners are the candidates of the Village and the Citizens parties and complain first, that they do not appear as candidates of the two separate independent bodies in separate rows, and second, that the candidates of the Good Government party precede them on the ballot and are in Row “A ”, although the petition nominating them was filed later than those of the other two parties.
The court has not found nor has its attention been directed by counsel to any provision of law governing the order of precedence of independent bodies on a ballot. The petitioners assert that it has long been the custom to apportion the prior places to the earlier filers, but this hardly seems a rational basis for arrangement. The court is of the opinion that the Good Government party is entitled to the first row because its petition bears the greatest number of signatures, and will so hold.
The court is, however, of the opinion that the principles stated and followed in Matter of Aurelio (Cohen) (291 N. Y. 176); Matter of Belford v. Board of Elections (204 Misc. 858, affd. 282 App. Div. 891, affd. 306 N. Y. 70) and Matter of Gilfillan v. Beyer (124 Misc. 628, affd. 212 App. Div. 855, affd. 240 N. Y. 579) are applicable here to require the respondents to place the names of Cannizzaro and Strang twice on the strip in two separate rows, once for the Village party and once for the *282 Citizens party because there is some evidence before the court that the members of the Village party and the Citizens party will be reluctant to vote for their candidates if they must do so in a row which serves for both independent bodies and will not distinguish a vote cast as one for the candidate of one body or the other. There is nothing to contradict this evidence and the reluctance it indicates would be understandable, particularly in a village election where personalities are heavily involved and partisanship readily becomes very bitter.
The court will, then, direct the respondents to leave the Good Government party and its candidates, Fitzgerald and Menconi, in Row “ A ” at the head of the voting machine strip, and to place the Village party and its candidates, Cannizzaro and Strang, in Row “ B ” on the voting machine strip, and to place the Citizens party and its candidates, Cannizzaro and Strang, in a Row “ C ” to be added to the voting machine strip. In all other respects, the application is denied. Submit order.