## (October 11, 1963)

■ In the Matter of LEON D. LAZER, Appellant, v. EVERETT F. MCNAB et al., Constituting the Board of Elections of the County of Suffolk, and LINCOLN G. SCHMIDT, Respondents. In the Matter of LINCOLN G. SCHMIDT, Respondent, v. EVERETT F. MCNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and LEON D. LAZER, Appellant.— In two proceedings under section 330 of the Election Law: (1) one proceeding by petitioner, Leon D. Lazer, to direct the Board of Elections of Suffolk County to place his name as candidate of the Fusion Economy party for the public office of Judge of the First Judicial District (which comprises the five towns of Huntington, Babylon, Brookhaven, Islip and Smithtown) upon a separate line on the ballot to be used in the general election on November 5, 1963 in the four towns last named; and (2) another proceeding by petitioner, Lincoln G. Schmidt: (a) to direct said Board of Elections to omit the line of said Fusion Economy party from such ballot in said four last-named towns; and (b) in such towns, to combine on one line upon the ballot the designation of that party's candidate (Leon D. Lazer) with the designation of the Democratic party's candidate (also Leon D. Lazer), the said Leon D. Lazer appeals from two orders of the Supreme Court, Suffolk County, entered October 7, 1963. One of the orders denied his application; and the other granted the application of the said Lincoln G. Schmidt. Orders affirmed, without costs. Additional findings of fact, as herein indicated, are hereby made. The undisputed factual situation, as disclosed by the record and as conceded by the parties on the argument and in their briefs, is as follows: (1) While Lazer (the appellant) was nominated as a candidate of the Fusion Economy party for the entire First Judicial District in Suffolk County (which embraces the five towns mentioned above), he was so nominated only by voters in the single Town of Huntington. (2) The number of voters' signatures in

Huntington for Lazer as the Fusion Economy party candidate was 10% of the voting population in that town and only 1.6% of the voting population of the five towns comprising the First Judicial District. (3) While in the Town of Huntington, from which Lazer was nominated as the Fusion Economy party candidate, there is an entire slate of candidates of such party for all public offices, nevertheless in the other four towns (which contain about 90% of the voting population in the First Judicial District) there is no other Fusion Economy party candidate at all. (4) The result is that, if the Fusion Economy party candidate for judicial office, Mr. Lazer, were given a separate line on the ballot in such four towns, he would be the sole Fusion Economy party candidate named therein. In the light of these stated facts and findings, we hold (as did the Special Term) that the independent voters in the said four towns will not be prejudiced by the absence of a separate line on the ballot designating Lazer as the Fusion Economy party's candidate for judicial office, and that the absence of such separate line will neither violate the spirit nor the purpose of section 248 of the Election Law. In our opinion, the *Belford* case (*Matter of Belford* v. *Board of Elections of Nassau Co.*, 306 N. Y. 70) is inapplicable to the facts here. There, a separate line on the ballot was sanctioned for an independent party candidate who had been nominated by *some 22%* of the entire voting population; and it was done on the basis of an express finding that the absence of the separate line would tend "to discriminate against a large body of independent voters" who "might refrain from voting for Glantz [the independent party's candidate] rather than vote for him as a candidate of the Democratic, Republican or Liberal parties" (*Belford* case, *supra*, p. 72). Here, no such result can eventuate. Indeed, the findings must lead to a contrary result, especially since Lazer as the Fusion Economy party candidate was nominated by only 1.6% of the total number of voters in the five towns and his name as such candidate will in fact appear on a separate line in the *one* town (Huntington) in which he was actually nominated. Beldock, P. J., Brennan, Hill and Hopkins, JJ., concur; Kleinfeld, J., dissents on the authority of *Matter of Belford* v. *Board of Elections of Nassau Co.* (306 N. Y. 70), and votes to reverse the respective orders; to grant the application of the petitioner Lazer; and to deny the application of the petitioner Schmidt. It may also well be that the petitioner (appellant) Lazer is entitled to a separate line as a matter of right under section 248 of the Election Law.