Jack Stanislaw, J.
By order to show cause petitioner Gaertner moves to require the respondents Weiss and McNab, constituting the Board of Elections of Suffolk County, to place his name on the November 2, 1965 ballot as candidate of the *1065 Stop Sales Tax party for State Senator in the Second Senatorial District. Petitioner Smith similarly moves to prevent such placement.
The Second Senatorial District includes the Towns of Huntington, Smithtown and part of Babylon. In Babylon, the Stop Sales Tax party (hereafter “ S. S. T. P.”) already has a separate line on the ballot with candidates for several offices, but not for State Senator. In the two other towns there are no S. S. T. P. candidates other than Gaertner. Gaertner’s S. S. T. P. petition contains signatures primarily out of the Town of Huntington, with very few, in proportion, from Smithtown, and less from Babylon.
Despite the fact that Gaertner’s petition contains so few signatures from the Town of Babylon, he is a beneficiary of the presence there of an S. S. T. P. line on the ballot previously validated. That line right now does not include a candidate for the State Senate. Thus, Gaertner’s petition, apparently a valid one, works to permit the addition of his candidacy on that existing line which contains no other nominee for the same position (Matter of Peel v. Cohen, 265 N. Y. 312; Matter of Garside v. Cohen, 265 N. Y. 606).
On the other hand, the addition of Gaertner to the Babylon ballot does not ipso facto resolve the question concerning the ballots in Huntington and Smithtown. We note that the total signatures collected amount to something less than 1% of the population of the district. The percentage is higher, of course, if we consider the towns separately. (Cf. Matter of Belford v. Board of Elections of Nassau County, 306 N. Y. 70; Matter of Lazer v. McNab, 19 A D 2d 830.) In Huntington, where most of the signatures were obtained, Gaertner might gain a separate line on the ballot as the S. S. T. P. candidate but for the fact that he is the only candidate of this independent body in this town, as he is in Smithtown. As such, Gaertner is not entitled to a separate row or column all to himself (Matter of Robinson v. Brock, 255 App. Div. 308; Matter of Aurelio, 266 App. Div. 957; cases cited, supra).
Therefore, Gaertner’s candidacy for the S. S. T. P. shall not be permitted a separate line in Huntington or in Smithtown, but shall be combined with his party designation. In Babylon, where an entirely different factual situation prevails, he shall appear on the existing S. S. T. P. line as candidate for the State Senate.
The petitions of Smith and Gaertner are disposed of in accordance with the foregoing. Parenthetically, the court notes the existence of problems similar to that just determined for *1066 at least 30 years. Judicial interpretation of the Election Law vacuum in this area almost amounts to the legislation which, in all this time, has not been forthcoming. The Legislature, which has been repeatedly asked by the courts over the years to resolve these conditions, has not acted. Elections and candidates will be forced into the courts year after year for interpretations of an unnecessarily vague and inconclusive Election Law. This is most unfortunate and deserves legislative attention as soon as possible.