Burke, J. (concurring).
Under section 248 of the Election Law a candidate who has the nomination of two regular parties is not entitled to a third column on the voting machine under the emblem of an independent body.
All other candidates nominated by independent bodies must each have a separate column before any so-called constitutional or equitable claims can be entertained by the courts. The Board of Elections has by the resolutions in this case repeatedly ignored the explicit language of section 248 of the Election Law. The law as enacted by the Legislature must be enforced (Matter of Nulty v. Board of Elections, 296 N. Y. 645). Since there were separate columns available to all candidates nominated by independent bodies in the cases of Matter of Belford v. Board of Elections (306 N. Y. 70), Matter of Crane v. Voorhis (257 N. Y. 298), and Matter of Aurelio (Cohen) (291 N. Y. 176), the issue of the priorities of candidates nominated by independent bodies was not there involved. Here the Socialist Workers party independent candidates, the Socialist Labor party independent candidates, the United Taxpayers party independent candidates and the Civil Service Fusion party independent candidates must be set forth if possible in the separate columns by the Board of Elections in order to satisfy the mandate of section 248 of the Election Law before any attention can be given to the demands of the Independent Citizens party candidates who have the nomination of more than one regular party. The local candidates of the Independent Citizens party, a political body, who have been nominated by one regular party only, of course, should be treated by the Board of Elections on equal terms with the other independent political bodies such as the Socialist Workers party and Socialist Labor party. The Lindsay candidates (other than those for local offices) must elect upon which of the two party columns they desire the emblem of the independent body to appear (Election Law, § 248; Matter of Nulty v. Board of Elections, 296 N. Y. 645, supra; see Matter *203 of Lazer v. McNab, 13 N Y 2d 935). As Judges Fuld and Van Voorhis stated in the dissent in Matter of Belford v. Board of Elections (306 N. Y. 70, 72), “ We see nothing unreasonable in the statute’s preventing his name from being listed also as an ‘ independent ’. ’ ’ In this situation where the candidates of several independent bodies must of necessity be herded together in one column, it is illegal to list the Lindsay candidates nominated by more than one regular party in a separate column as “ independent ”. Such a listing in defiance of the statute relegates candidates of an independent political body not nominated by more than one or any political parties to a catchall column. The statute was enacted to protect independent political bodies without affiliation with the regular political parties. In this case the statute has been flouted and its misuse sought to be justified even though it has resulted in an obvious discrimination against the very independent political bodies the statute was designed to benefit.
The Legislature expected the courts to be alert against the appropriation and monopoly of the lines on the voting machines by the accredited parties in sponsoring independent political parties to the exclusion of the truly independent bodies.
The short time allowed for correction of the ballot errors prevents the ordering of a fair drawing among the qualified groups of candidates nominated by the independent political parties for places in the separate columns. But the shocking treatment dealt out to the supporters of the amendments, the propositions and the question which produces gross inequities in respect to these State-wide referendums can be rectified by removing the Lindsay candidates nominated by more than one regular party from column E. .
Accordingly, the order of the Appellate Division should be reversed.