Fuld, J. (dissenting).
Although Judge Van Voorhis and I dissented in 1953 from the court’s holding in Matter of Belford v. Board of Elections (306 N. Y. 70), that decision does represent the law of this State and I perceive no basis or justification for departing from the rule there clearly announced by the majority —namely, that “ ‘ strict observance of the letter of section 248 [of the Election Law] * * * would interfere unnecessarily *204 with the intelligent and ready expression of his choice by the independent voter ’ ” (p. 73).
In the Belford case, the court was impelled to decide as it did by virtue of the fact that to deny to the independent political body there involved, the United City party, a separate line would tend to discriminate against a large body of independent voters who might refrain from voting for the independent candidate rather than vote for him as a candidate of one of the major parties. In that case it was pointed out that the petitions filed on behalf of the independent political body bore 1,742 signatures — representing some 22% of the electorate—whereas in the present case the petitions of the political body here involved, the Independent Citizens party, contain upwards of 48,000 signatures. In following this court’s decision in Belford, the Appellate Division observed that to refuse a separate line or column to such a body would 1 ‘ work an inequity * # * [and] tend to interfere with a free choice ” by a large number of independent voters. The persons who signed the petitions in the present case represent a far smaller percentage of the electorate, it is true, than did the signers in Belford but the decision in the latter speaks of the unnecessary interference with the expression of choice by the individual “independent voter ” and the number of voters involved here is incomparably greater than those complaining in Belford. (See, also, Matter of Lazer v. McNab, 13 N Y 2d 935, affg. 19 A D 2d 830.)
The integrity of the law demands that the courts refrain from making a special rule for a particular case. I would be willing to vote to overrule this court’s decision in Matter of Belford (306 N. Y. 70, supra) and hold—in line with the view I expressed in dissent in that case — that the respondent Lindsay and his running mates are not entitled to have their names appear in a separate column for the independent political body. However, as long as Belford remains the law of this State, I firmly believe that the court is constrained to follow it. Certainly, the concern which the majority feels for the candidates of the Socialist Workers party and of the Socialist Labor party—none of whom have ever complained about their places on the machine and who (by the present decision) continue in those same places — furnishes no ground for eliminating the separate column which *205 the Board of Elections itself actually assigned to the Independent Citizens party some weeks ago.
I would affirm the order appealed from.