■ In the Matter of NAT H. HENTEL, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and THOMAS J. MACKELL, Appellant.— In a proceeding under section 330 of the Election Law to direct the Board of Elections of the City of New York to provide a separate row or column, on the official ballot to be used in the general election to be held on November 8, 1966, for candidates for offices in Queens County nominated by the City Fusion party, including petitioner as such candidate for District Attorney, and for other relief, Thomas J. Mackell, the Democratic party candidate for said office, appeals, as a person interested in the proceeding, from a judgment (described in the notice of appeal as an "order") of the Supreme Court, Queens County, entered October 21, 1966, which denied his request for dismissal of the proceeding and granted the petition in part. Judgment affirmed, without costs. Counsel conceded on the argument that, in addition to the columns available to all candidates nominated by regular political parties, there were separate columns available to all candidates nominated by independent bodies. Under these circumstances, the placing of candidate Hentel's name in a separate column on the ballot under the heading of the City Fusion party is not a violation of subdivision 1 of section 248 of the Election Law (*Matter of Beford* v. *Board of Elections*, 306 N. Y. 70; *Matter of Battista* v. *Power*, 16 N Y 2d 198). Beldock, P. J., Ughetta, Christ and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and dismiss the proceeding, with the following memorandum: I would agree with the majority that *Matter of Belford* v. *Board of Elections* (306 N. Y. 70) would mandate the placing of the name of candidate Hentel on the ballot in a separate column under the heading of the City Fusion party, were it not for the fact that said candidate is the sole candidate of the City Fusion party, which has not nominated any other candidate for any other office in the entire County of Queens. Under these circumstances, placing the name of the candidate in a separate column on the ballot is a violation of the requirement of the sixth sentence of subdivision 1 of section 248 of the Election Law (*Matter of Robinson* v. *Brock*, 255 App. Div. 308). The constitutionality of this requirement has been upheld by the Court of Appeals in *Matter of Haskell* v. *Voorhis* (246 N. Y. 256).