Edward S. Conway, J.
Independent nominating petitions were filed in the office of the respondent, Secretary of State, purporting to nominate 10 persons as candidates of the Socialist Workers party for Electors of the office for President and Vice-President of the United States from the State of New York, and said respondent has refused to place the names of said individuals on the voting machines as electors but has authorized the use of ballot slips for the names of the Electors as well as the candidates for President and Vice-President.
These 10 electors, petitioners herein, bring this proceeding to compel said respondent to place on the voting machine at the next general election the names of the 10 candidates of the Socialist Workers party for the office of presidential and vice-presidential Electors.
The respondent contends that because the Socialist Workers party nominated only 10 Electors instead of the 43 which the State is entitled to under the Federal Constitution (U. S. Const., art. II, § 1, par 2), it would disenfranchise some voters from voting for 33 Electors by placing this incomplete slate on the voting machines.
Section 290 of the Election Law provides as follows: “ § 290. Electors of president and vice-president. At the general election in November preceding the time fixed by the law of the United States for the choice of president and vice-president of the United States, as many electors of president and vice-president as this state shall be entitled to, shall be elected by general ticket, and each voter in this state shall have a right to vote for the tvhole number, and the several persons, to the number required to be chosen, having the highest number of votes shall be declared and be duly appointed electors.” (Emphasis supplied.)
The State of New York is entitled to 43 Electors. However, the statutes do not mandate that a party slate of Electors must be a complete slate.
Section 241 of the Election Law provides that the names of the candidates for President and Vice-President of each party or independent body appear on the machines. The voters are actually concerned with the candidates for President and Vice-President and not the Electors. They are voting for the candidates and not for the Electors. In the Matter of the Convention Nominations by American Labor Party (Flanigan) (182 *1039 Misc. 971, 974-975, affd. 268 App. Div. 836) Justice Bergan said:
“ In selecting electors people naturally thought of whom the electors would choose as President. They were not interested greatly in the personnel of the electors; but they were vitally interested in the selection of the head of the government. And since the electors soon became responsible directly to the people, their single public function became responsive to the public will and the people, in reality, ‘ elected ’ the President of the United States.
“ The constitutional detachment of presidential selection from popular will was in this manner reshaped in a more democratic mold. But public will in a democracy cannot function without political leadership of some kind. And so complicated a system as that provided by the electoral college could not be bent to the democratic will except through the mechanism of cohesive political parties offering as candidates for electors men committed in advance to support for President the choice of the party. If the people were to choose a President it became necessary to know with certainty for whom the electors would vote-. The adherence to pre-election commitments of presidential electors in support of the choice of ‘ the party ’ for President became the strongest political tradition of the United States. Its universal acceptance by all political parties is the foundation of the expression of popular will in national elections. It is as deeply imbedded in our national life as the unwritten constitution of England. In this process the significance of electors became atrophied; their function became a matter of form, though no doubt they retain the legal right to exercise an independent judgment.”
By denying the voters of the Socialist Workers party the opportunity of voting for their candidates on the voting machine, as voters of the major parties will be able to do, the Secretary of State will be discriminating between the major party voter and the independent voter. (Matter of Aurelio [Cohen], 291 N. Y. 176; Matter of Crane v. Voorhis, 257 N. Y. 298, 304.)
There is one further contention of the respondent, Secretary of State, to be considered and that is the possibility that certain voting machines in the State cannot accommodate all the slates of presidential Electors. If this be the case, to summarily deprive this independent party a place on the voting machines rather than any one of the other parties would be a discriminating disenfranchisement of the voters of the Socialist Workers party.
Petition is granted.