Bernard F. McCaffrey, J.
In this proceeding, pursuant to section 330 of the Election Law, petitioners seek to compel revisions in the form of the ballot to be used in the general village election of the Incorporated Village of New Hyde Park on Tuesday, March 20, 1973.
There are four offices to be filled in the election, three of which are contested. One slate of candidates has been designated by two independent bodies and another slate of candidates has been designated by three independent bodies. Petitioners are the candidates designated by the three independent bodies and they contend, among other things, that they are entitled to have their names appear upon the ballot on three separate lines. It is further contended that the ballot, as adopted by respondent, Village Clerk, is improper in several other respects.
There is no contention here that any one of the groups designating candidates in this election is a “ party ’ ’ as that term is used and defined in the Election Law. All of the five groups are independent bodies. (See Election Law, § 2, subds. 4, 11.) The language of subdivision 1 of section 248 is unmistakably clear as to a person nominated for any office other than judicial ol State-wide by one or more independent bodies, 4 4 his name shall appear but once ’ ’. This cofirt must conclude that the statute itself is the answer to petitioners ’ claim to additional lines. They are entitled to only one line. Unlike the case of Matter of Cannizzaro v. Tubman (23 Misc 2d 280, affd. 10 A D 2d 718), no evidence has been presented to this court that any adherent of a particular independent body would be reluctant to vote for its candidates merely because the line upon which they appear will bear the names of additional independent bodies. In fact, there has been some evidence presented that an *686 oral agreement Was reached by which the various candidates accepted appearance on one line only, and, in fact, the candidate for Village Justice has stated that he waived his right to appear Upon two lines (which right seems to be reserved to judicial candidates under subdivision 1 of section 248) in reliance upon that agreement. This court does not, however, rely upon any agreement between the parties, but rather bases its decision upon findings herein and the express language of the statute as well as the decision of the Court of Appeals in Matter of Battista v. Power (16 N Y 2d 198), which was rendered some five years after the 3 to 2 affirmance by the Appellate Division in Matter of Cannizzaro v. Tubman (supra).
On the basis of the facts presented the court finds that, except for the modifications to the ballot directed herein, the procedure followed by the Village Clerk in determining the form of the ballot and the order in which the independent bodies and candidates shall appear on the ballot cannot be cdnsidered to be “unjust, arbitrary and discriminatory as to shock the conscience as violative of all right, decency, and fair play.” (Matter of Walsh v. Boyle, 179 App. Div. 582, 587). It is true that it does not contain “ closed fist with index finger extended pointing to the party or independent row ” as specified in subdivision 2 of section 248. However, compliance with that subdivision while only providing one line for several independent bodies would be a practical impossibility and, since the language of subdivision 1 is mandatory, this court holds that in a case of this sort subdivision 2 need not be complied with.
That the ballot as revised pursuant to the court’s directive will be in accord with the underlying principle regarding the franchise and inviolable rights of an elector under the State Constitution, as stated by the Court of Appeals in these words: “ ‘ The whole purpose of the Election Law and of the Constitu-. tion under which it is enacted, is that, within reasonable bounds and regulations,^all voters shall, so far as the law provides, have equal, easy and unrestricted opportunities to declare their choice for each office.’ ” (Matter of Crane v. Voorhis, 257 N. Y. 298, 301, italics supplied; Matter of Callaghan v. Voorhis, 252 N. Y. 14).
Therefore, it is the opinion of the court that there are revisions to the form of the ballot which should be made in the interest of justice. Accordingly, this court directs:
(1) That the emblem of each independent body appear with its name upon the ballot,
*687 . (2) That the candidates appearing on Bow C shall be placed instead upon Bow B and that the line be designated at every appropriate place as Bow B.
(3) That a line bar should be placed between the names of candidates running for trustee.
(4) That the language under the office of trustee shall read “ vote for any two