OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioners seek a judgment declaring that subdivision 2 of section 8-100 of the Election Law (as amd by L 1982, ch 97) is unconstitutional. They assert that it violates the equal protection clause of both the State and Federal Constitutions, as it applies to enrolled voters who would be eligible to vote in the primary election scheduled for September 23, 1982. The petition further seeks an order directing the Boards of Elections in said counties to keep the polls open for voting in the aforesaid primary election from the hours of 6:00 a.m. until 9:00 p.m.
The challenged section of the Election Law provides that polling places shall be open in a primary election from 12 noon until 9 o’clock in the evening. An exception is made therefrom for the City of New York and the Counties of *708 Nassau, Suffolk, Westchester, Rockland and Erie. Therein, polling places are required to be open from 6:00 a.m. until 9:00 p.m. The section further provides that for general elections, all polling places must be open from 6:00 a.m. until 9:00 p.m.
Petitioners assert that there is no rational basis or compelling State interest to justify the variances in hours of voting eligibility. The issue is whether the Legislature may constitutionally extend extra voting privileges to citizens in certain geographic areas while withholding them in others. In this regard, there are no objective standards set to delineate which counties should have longer voting hours. The differences in hours are not based on county population nor geographic size.
“[F]or reasons too self-evident to warrant amplification here, * * * voting is of the most fundamental significance under our constitutional structure.” (Illinois Elections Bd. v Socialist Workers Party, 440 US 173,184.) Thus, in order to meet constitutional requirements, the challenged statute must serve a compelling interest (Storer v Brown, 415 US 724, 736). Further, while there is a presumption that the statute is constitutional, “when such vital individual rights are at stake, a State must establish that its classification is necessary” (Illinois Elections Bd. v Socialist Workers Party, supra). Thus, the burden is squarely upon the State to justify the determination to create discrepancies in the hours of eligibility for voting.
Our Court of Appeals has recently held that distinctions based on geographical areas are not, in and of themselves, violative of the Fourteenth Amendment (Weissman v Evans, 56 NY2d 458). However, even in the absence of a fundamental right such as voting, it is incumbent upon the State to demonstrate that the classification is predicated upon some “reasonable consideration of difference or policy” (Levy v Parker, 346 F Supp 897, 902). In the case at bar, no rational distinction exists which would serve to justify the different polling times from one county to another.
The varying hours of operation for polling places strike at the heart of one’s voting rights. A farmer in his pickup truck is entitled to the same opportunity to vote in a *709 primary as a subway commuter. Shorter polling hours might discourage voter turnout by minimizing the significance of the election and, in this age of electronic reporting, may provide a substantial advantage to a candidate who does well in areas where polls are open some six hours sooner than the rest of the State. “The whole purpose of the Election Law and of the Constitution under which it is enacted, is that, within reasonable bounds and regulations, all voters shall, so far as the law provides, have equal, easy and unrestricted opportunities to declare their choice for each office.” (Matter of Callaghan v Voorhis, 252 NY 14, 17-18; emphasis supplied.) “Where these important rights of the electorate and the political parties involved are concerned, the real or imaginary tactical advantages of a particular candidate must yield so that the principal objective of the elective process can be preserved.” (Matter of Marasco v Couzens, 71 Misc 2d 589, 592-593.) Accordingly, this court holds that the extension of extra polling hours set forth in subdivision 2 of section 8-100 of the Election Law is unconstitutional.
Petitioners argue that this court has the authority to fashion a remedy in election cases. They ask for extension of the very practice which they condemn as unconstitutional. By the extension of voting hours in their three counties, there would then be 13 counties with an unfair voting advantage over New York’s remaining 49 other counties. Thus, while condemning the constitutional infirmities of the present system, petitioners seek merely their “fair share” of the inequity. This, the court declines to do. It further declines to increase the available hours of polling for all counties as that is not the intent of the challenged statute. The statute is clear and unambiguous in requiring that polls be open in primary elections from 12 noon until 9 o’clock in the evening. While an extension of the hours of voting eligibility for the primary elections may indeed be a worthwhile endeavor, were this court to order such relief, it would be usurping the function of the Legislature. Fixing hours for voting is a legislative task. With continuing respect for the separation of the powers provided for in our State Constitution, any change in the statutory scheme must await review by the Legislature. This court’s only *710 alternative is to excise the unconstitutional exception in the statute, thereby leaving all polling places open from noon until 9:00 p.m. Thus, the entire electorate will have a uniform equal opportunity to cast ballots in the primary election, just as they have for the general elections.
For the reasons hereinabove set forth, the petition shall be granted to the extent that it seeks a declaration that the portion of subdivision 2 of section 8-100 of the Election Law which extends extra voting privileges to citizens in certain geographic areas while withholding it in others, is unconstitutional. In all other respects, the petition shall be denied.