ERASTUS CORNING et al., Appellants-Respondents, v BOARD OF ELECTIONS OF ALBANY COUNTY et al., Respondents, ATTORNEY-GENERAL OF THE STATE OF NEW YORK et al., Respondents-Appellants, and BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Intervenors-Appellants.

Third Department, September 2, 1982

APPEARANCES OF COUNSEL

*Fabian G. Palomino* for appellants-respondents.

*Robert Abrams, Attorney-General* (*Richard Rifkin* and *Michael S. Buskus* of counsel), for respondents-appellants.

*John D. Doyle, County Attorney* (*Joseph C. Pilato* of counsel), for Board of Elections of Monroe County.

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*Leonard Koerner* and *Ronald E. Sternberg* of counsel), for Board of Elections of the City of New York and others, intervenors-appellants.

*Lipsig, Sullivan & Liapakis* for Thomas A. Holman and another, *amici curiae.*

### OPINION OF THE COURT

*Per Curiam.*

Subdivision 2 of section 8-100 of the Election Law provides that polls shall be open for voting in a primary election from 12:00 P.M. (noon) until 9:00 P.M., except in the City of New York and the Counties of Nassau, Suffolk, Westchester, Rockland and Erie where they are to be open from 6:00 A.M. to 9:00 P.M. The predecessor of section 8-100, former section 191 of the Election Law, provided for primary voting hours of 12:00 P.M. (noon) until 9:00 P.M., except in the City of New York where the hours were 3:00 P.M. to 10:00 P.M. An amendment in 1973 extended the hours in the City of New York from 6:00 A.M. to 9:00 P.M. (L 1973, ch 389). Following recodification of the Election Law in 1976 which resulted in the addition of the present section 8-100 (L 1976, ch 233), another amendment extended primary voting hours in Nassau County from 6:00 A.M. to 9:00 P.M. (L 1977, ch 458). Subsequently, in a series of related measures occurring in 1981, the Legislature further amended subdivision 2 of section 8-100 to also extend primary voting hours in the Counties of Suffolk (L 1981, ch 524), Westchester (L 1981, ch 557), and Rockland (L 1981, ch 628). Most recently, Erie County was added to the list of counties with extended primary voting hours (L 1982, ch 97).

Petitioners, who are residents of Albany, Monroe and Onondaga Counties and enrolled members of the Democratic Party qualified to vote in the September 23, 1982 primary election, and Mario Cuomo, a Democratic gubernatorial primary candidate, commenced the instant proceeding seeking a judgment declaring subdivision 2 of section 8-100 of the Election Law invalid because it purportedly denies equal protection of the laws to primary voters in the Counties of Albany, Monroe and Onondaga wherein polls are not permitted to open until 12:00 P.M. (noon). Petitioners further sought to have the court direct the respondent boards of elections to keep the polls open in these counties from 6:00 A.M. to 9:00 P.M.

Concluding that the statutory provision in question impacted upon a fundamental right, Special Term (113 Misc 2d 707) held that the burden was upon the State to demonstrate that the geographical distinctions made in the law served a compelling State interest. Moreover, although determining that a heightened level of scrutiny was appropriate in deciding whether the statute passed constitutional muster, the court found that there was not even a rational basis to justify the different polling hours. Petitioners, however, were not granted the remedy they requested. Instead, Special Term saw as its only alternative the excision of the offending exceptions in the statute with the result that in the upcoming primary election all polling places throughout the State would be open for a uniform period, i.e., 12:00 P.M. (noon) to 9:00 P.M. Respondents Attorney-General of the State of New York and the State Board of Elections have appealed. Petitioners also appealed, contending that although the finding of unconstitutionality was properly made the remedy ordered was erroneous.*

Initially, we reject Special Term's categorization of this case as one involving petitioners' fundamental right to vote so as to require a heightened level of scrutiny of the distinctions involved. Petitioners are not denied the right to exercise their voting franchise (see, e.g., *Dunn v Blumstein,* 405 US 330), nor does the statute in question limit the field of candidates from which they must choose (see, e.g., *Bullock v Carter,* 405 US 134) or quantitatively dilute their votes through an apportionment scheme (see, e.g., *Reynolds v Sims,* 377 US 533). To the contrary, the statute merely dictates the hours during which the primary polling places shall be open, certainly a matter which may be the subject of valid State regulation (see *Storer v Brown,* 415 US 724, 730). In addition, even if the statute could somehow be considered a limitation on petitioners' right to vote, "not every limitation or incidental burden on the exercise of voting rights is subject to a stringent standard of review" (*Bullock v Carter, supra,* p 143). Not only have

---

\* By order of this court entered August 30, 1982, the Board of Elections of the City of New York and the City of New York were granted permission to intervene as appellants.

petitioners failed to establish the existence of that "substantial burden" on the franchise needed to trigger heightened constitutional scrutiny (see *Storer v Brown, supra,* p 729), but there is no evidentiary showing that the shorter voting hours available in some counties impede or otherwise disadvantage the voters in those counties.

Accordingly, we deem the appropriate standard of review to be the rational basis test, and measured by that standard the statute is constitutional. To satisfy the test of rationality where, as here, the distinctions are geographical, it need only be demonstrated that " ' "the classification is neither capricious nor arbitrary but rests upon some reasonable consideration of difference or policy" ' " (*Weissman v Evans,* 56 NY2d 458, 465, quoting *Levy v Parker,* 346 F Supp 897, 902, affd 411 US 978; see, also, *Cass v State of New York,* 88 AD2d 305). As the record discloses that exceptions to the general polling hours provision in the Election Law were enacted because the Legislature perceived that additional voting hours in certain heavily populated metropolitan areas of the State, and in so-called "bedroom communities" in proximity to these areas, were necessary to ameliorate problems stemming from overcrowding at the polls during the evening hours and to accommodate the special needs of commuters, all with the purpose of ensuring voters in those localities the right to vote, the Legislature's presumed consideration and evaluation of these voting problems, which were specifically brought to its attention by the localities adversely affected, provide a rational basis for the distinctions made. Lastly, we would note that the fact that similar problems may exist in other areas of the State, including petitioners' counties, is not significant since legislative classifications need not be mathematically exact or perfect (*Montgomery v Daniels,* 38 NY2d 41, 66; *Cass v State of New York, supra*), and lawmakers need not "strike at all evils at the same time or in the same way" (*Semler v Dental Examiners,* 294 US 608, 610; see, also, *New Orleans v Dukes,* 427 US 297, 303).

Since petitioners have failed to demonstrate that the legislative judgment underlying the challenged statutory

exceptions is irrational, the constitutionality of the statute must be upheld and judgment entered accordingly.

The judgment should be reversed, on the law, without costs, and judgment directed to be entered declaring that subdivision 2 of section 8-100 of the Election Law is not violative of petitioners' right to equal protection of the laws insofar as it provides for extended primary voting hours in New York City and Nassau, Suffolk, Westchester, Rockland and Erie Counties.

SWEENEY, J. P., KANE, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, and judgment directed to be entered declaring that subdivision 2 of section 8-100 of the Election Law is not violative of petitioners' right to equal protection of the laws insofar as it provides for extended primary voting hours in New York City and Nassau, Suffolk, Westchester, Rockland and Erie Counties.